**Charles SIMMONS,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 84–3617.

United States Court of Appeals,
Eleventh Circuit.

Dec. 6, 1985.

---

Roberta M. Klosiewicz, Asst. U.S. Atty., Tampa, Fla., for U.S.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Simmons pleaded guilty to bank robbery and was sentenced to 20 years as provided in his plea agreement. At sentencing Simmons asked that he be given only 15 years, a sentence that would expire at the same time as a concurrent state sentence.

Both Simmons and his attorney stated that they had reviewed the pre-sentence investigation report (PSI). The attorney told the court that he wanted to review a couple of points about the PSI. First, Simmons denied that he was ever charged with using a weapon in an escape. Apparently in connection with this point, counsel gave the court a letter from the state attorney's office. Second, counsel said that the report was in error in stating that he gambled on football. The court directed that the comments of Simmons and his attorney be attached to the PSI. The court then sentenced Simmons to 20 years.

Later Simmons filed a Rule 35 motion in which he asked that the PSI be corrected to delete the reference to shooting and wounding a corrections officer and to delete convictions that had been ruled null and void by the Florida courts. The court noted that Rule 35 did not embrace such relief. Nevertheless, it ordered that the PSI be amended by the addition of an excerpt of the transcript of the sentencing proceedings containing the remarks of Simmons and his counsel, the letter from the state attorney's office referred to in the transcript, and a copy of defendant's Rule 35 motion.

Simmons then filed his § 2255 petition alleging that the PSI contained "erroneous information" and that "unconstitutional convictions" had been used to enhance his sentence. The alleged "erroneous information," as far as we can discern from reading the petition, relates to two matters: information that Simmons had shot and wounded a corrections officer, which he said had been found by the state attorney's office to be untrue, and that he had been guilty of an assault in Alabama on FBI officers. As best we can tell the first of these was the instance covered by the letter from the state attorney's office that was received and attached to the PSI. The § 2255 petition contains nothing further about unconstitutional convictions. Finally, the petition says that Simmons explained to his attorney that the PSI should be amended to reflect the truth because it might make a difference with respect to whether Simmons would get the 15 year sentence he was going to ask for, and that attorney said he would call the matter to the court's attention but did not.

The district court denied the petition on the ground that it was aware at sentencing of the "exact contentions" made in the petition. As best we can tell no assertion respecting "unconstitutional convictions" was made at sentencing, and we cannot tell that the allegation about assault on FBI agents in Alabama was made known.

In any event, Simmons' assertions are laid to rest by the fact that he and his attorney had access to the report before sentencing, had an opportunity to raise ob-

jections and did so, but did not include the objections now made. This comes too late. *U.S. v. Donn,* 661 F.2d 820, 824 (9th Cir. 1981); *U.S. v. Leonard,* 589 F.2d 470, 470–72 (9th Cir.1979); *U.S. v. Plisek,* 657 F.2d 920, 925 (7th Cir.1981).

Simmons says his attorney misled him by failing to get the PSI amended as he said he would (presumably as to the assault on the FBI agents in Alabama, since the report was amended with respect to the escape incident). But Simmons himself acknowledged to the court that he had reviewed the report and had asked for no such correction.

Simmons' desire still is to get 15 years instead of 20. The trial judge made clear he would carry out the plea agreement for 20.

AFFIRMED.