**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Boss EDMONDSON,
Defendant-Appellant.**

Nos. 86–7439, 86–7785
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 5, 1987.

J.B. Sessions, U.S. Atty., Ginny S. Granade, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Edmondson appeals from the denial of a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a). He contends

4. Including those who, when offered participation in Project 31 voted to be left out.

that he could not legally be charged with multiple counts of mail fraud in violation of 18 U.S.C. § 1341 because the separate loan applications that he mailed were sent to only one source. Each mailing in furtherance of a fraudulent scheme constitutes a separate violation of the mail fraud statute. *Badders v. U.S.*, 240 U.S. 391, 394, 36 S.Ct. 367, 368, 60 L.Ed. 706 (1960); *U.S. v. Ashdown*, 509 F.2d 793, 800 (5th Cir.1975). He also contends that his sentence was based on a presentence investigation report that was mostly erroneous, and that the court was informed that it was erroneous.

■ Both defendant and his counsel were asked if they wished to make a statement before sentencing, and they responded. After their responses the judge asked them whether there was anything they found in the presentence report that was incorrect. Defendant responded: "Your Honor, since I throw myself at the mercy of the court, I take no exceptions." Counsel responded: "No, your Honor." At no point during the sentencing hearing did defendant or his counsel complain that they had inadequate time to examine the PSI or assert that it contained inaccuracies. A defendant who wishes to challenge factual statements in a PSI must follow the procedures set out in Rule 32. *Simmons v. U.S.*, 777 F.2d 660 (11th Cir.1985); *U.S. v. Ruiz*, 580 F.2d 177, 178 (5th Cir.), *cert. denied*, 439 U.S. 1051, 99 S.Ct. 732, 58 L.Ed.2d 712 (1978).[1]

■ The defendant also contends that his counsel was ineffective for not contending that the government illegally pressed criminal charges against him when its claims are really civil. This issue was not raised before the district court and therefore is not before this court on appeal.

AFFIRMED.

1. We have jurisdiction under the appeal taken from denial of the Rule 35(a) motion, 86–7785, and all issues raised can be decided in that appeal. Therefore, we do not need to decide whether, in 86–7439, defendant could appeal from the denial of a post-sentencing motion to

