UNITED STATES of America,
Plaintiff-Appellee,

v.

Jeffrey Allan FISCHER,
Defendant-Appellant.

No. 86–3150
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 14, 1987.

Judy S. Hoyer, Asst. U.S. Atty., Roberta M. Klosiewicz, Tampa, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jeffrey Allan Fischer, a federal prisoner serving two concurrent four-year sentences, filed two *pro se* motions in the district court purportedly brought under Fed.R.Crim.P. 32. Fischer sought resentencing and correction of alleged erroneous information in his presentence investigation (PSI) report. The district court denied both motions and Fischer appealed. We remand the case to the district court with instructions to dismiss for lack of jurisdiction.

Fischer pled guilty to three counts of wire fraud, 18 U.S.C.A. § 1343, and received sentences totaling four years of imprisonment, plus five years of probation. Approximately ten months after sentencing, Fischer filed his motions asserting a Fed.R.Crim.P. 32 violation. Specifically, Fischer alleged that the PSI report contained a victim impact statement from E.F. Hutton, Fischer's former employer, which included significant misstatements of fact and that the PSI report improperly contained references to amounts of money he fraudulently acquired that exceeded the amounts for the offenses to which he had plead guilty. The motion claimed that the sentencing judge failed to follow the man-

dates of Fed.R.Crim.P. 32(c)(3) when he considered the report at sentencing.

Rule 32 provides the procedures for sentencing and for the making of a presentence report, and outlines the matters that must be considered by a district court in fixing a criminal sentence. This Court has never addressed the question of whether a district court has jurisdiction to grant relief on a motion brought solely pursuant to Fed.R.Crim.P. 32 as an attack on one's sentence after sentence has been imposed.

One court has held that Fed.R.Crim.P. 32 does not provide any jurisdiction for a district court to hear such a motion. *United States v. Burkhead*, 567 F.Supp. 1425, 1427 (W.D.Mo.1983) ("Rule 32(c) does not vest this Court with jurisdiction to grant the relief sought by [defendant's motion to correct his PSI report]"). Other courts appear to agree. *See, e.g. United States v. Ursillo*, 786 F.2d 66 (2d Cir.1986) ("We have found no reported case in which a court held that Rule 32 standing alone furnished the jurisdictional basis for a belated post-sentencing attack on the accuracy of a presentence report."); *United States v. Williams*, 618 F.Supp. 1419, 1420 (E.D.Va.1985) (court did not believe that Rule 32(c)(3)(D) provided a post-sentencing vehicle to correct a PSI report), *aff'd*, 785 F.2d 306 (4th Cir.1986). *Cf. United States v. Leath*, 711 F.2d 119 (8th Cir.1983).

We hold that Fed.R.Crim.P. 32, standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.

Fed.R.Crim.P. 35 provides the jurisdictional base for correction or reduction of a sentence. After a sentence has been imposed, however, Rule 35 motions would have to have been brought within 120 days. Fed.R.Crim.P. 35(b). *Cf. United States v. Delutro*, 617 F.2d 316 (2d Cir.1980) (an illegal sentence, correctable at any time, is one in excess of statutory maximums or otherwise contrary to an applicable statute). Fischer's motion, filed 10 months after sentence, cannot be treated as a Rule 35 motion. 28 U.S.C.A. § 2255 may pro-

vide jurisdiction for a collateral attack on Fischer's sentence. Indeed, the Government argues the case on appeal as if this was a § 2255 proceeding. Fischer insists, however, that he is proceeding under Fed. R.Crim.P. 32, and has not presented arguments that might be relevant to a § 2255 proceeding. It would, therefore, seem inappropriate to treat this appeal as one from a denial of § 2255 relief.

Accordingly, the case is remanded to the district court to dismiss for lack of jurisdiction, or permit Fischer to amend to assert a § 2255, as may be deemed appropriate.

REMANDED with instructions.