UNITED STATES of America,
Plaintiff-Appellee,

v.

George Vincent PELOSO, Jr.,
Defendant-Appellant.

No. 86–7752.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1987.

---

George Vincent Peloso, Jr., pro se.

John C. Bell, U.S. Atty., Kent B. Brunson, Montgomery, Ala., for plaintiff-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Peloso, a federal prisoner, was indicted for escape from federal prison in violation of 18 U.S.C. § 751(a). He pled guilty to the charge, and, at a separate sentencing hearing, stated that he had been given an opportunity to review the presentence investigation report, and had no corrections to make to it. Peloso was given a one-year sentence consecutive to the sentence he was currently serving.

Almost one year later, Peloso filed a motion under Fed.R.Crim.P. 32 requesting a correction of the presentencing report. He claimed that the parole commission re-lied on some allegedly false information from the report (stating that Peloso stole a prison van to effectuate his escape) to give him maximum time without parole. The motion was summarily denied by the district court.

This court has recently held that Fed.R.Crim.P. 32 does not confer jurisdiction on the district court to consider a motion to correct a presentence investigation report. *United States v. Fischer*, 821 F.2d 557 (11th Cir.1987). The correct procedure to pursue a Rule 32 violation is to do so on direct appeal. *Cf. United States v. O'Neill*, 767 F.2d 780 (11th Cir.1985). The issue may be pursued in some cases under Rule 35, within 120 days of the last order imposing sentence. See *Fischer* at 558; *United States v. Edmondson*, 818 F.2d 768 (11th Cir.1987) (per curiam). Additionally, such a motion may be construed as a section 2255 habeas corpus petition, or a section 2241 habeas petition, (directed at the parole commission for using false information). *Fischer*, at 559.

In this case, remanding Peloso's claim to the district court for treatment as a § 2241 petition would be fruitless, given his failure to object to the report at sentencing. We have previously held that, where a defendant was given an opportunity to examine his PSI report, in order to bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late. *Simmons v. United States*, 777 F.2d 660 (11th Cir.1985) (Rule 32 issue brought up in a section 2255 petition barred for failure to challenge PSI report at trial). For these reasons, the judgment of the district court dismissing Peloso's claim is

AFFIRMED.