James Bradley PARKS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 87–5132.

United States Court of Appeals,
Eleventh Circuit.

Nov. 24, 1987.

Thomas M. Dawson, Leavenworth, Kan., for petitioner-appellant.

Leon B. Kellner, U.S. Atty., Linda Collins Hertz, Mayra Reyler Lichter, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and

HOFFMAN *, Senior District Judge.

EDMONDSON, Circuit Judge:

In this case appellant-petitioner, James Bradley Parks, appeals from the district court's denial of a motion to vacate sentence pursuant to 28 U.S.C. section 2255. Because petitioner Parks does not meet the cause and prejudice standard applicable to issues raised in a section 2255 proceeding which were not raised on direct appeal, we affirm the district court's denial of his motion.

Petitioner was convicted by jury on four counts involving violations of federal laws on controlled substances and was sentenced to ten years in prison, to be followed by a special parole term of five years. Upon timely appeal by petitioner, the conviction was affirmed by this court. Petitioner then filed a Rule 35 motion for reduction of sentence which was denied by the district court. Petitioner next filed the section 2255 motion here at issue, asking that his sentence be vacated. The district court denied this motion, which denial petitioner now appeals.

In his section 2255 motion, petitioner raises issues regarding sentencing which were not asserted on direct review.[1] This obliges the court to determine whether the petitioner may raise these issues upon even a showing of "plain error" on the part of the lower court or whether petitioner must show cause and prejudice in order to raise these issues in a collateral attack on his sentence.

In *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the Supreme Court held that, to obtain collateral relief based on trial errors to which no objection was made at time of trial, a convicted defendant must show both cause excusing his failure to raise the issues at a proper earlier review stage and actual prejudice resulting from the errors. This showing, more stringent than the "plain error" standard, is necessary and proper to further "society's legitimate interest in the finality of the judgment ... perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *Frady,* 456 U.S. at 164, 102 S.Ct. at 1592. This court has applied the "cause and prejudice" standard in several situations per *Frady* and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See Lilly v. United States,* 792 F.2d 1541 (11th Cir.1986) (to raise Rule 11 violation on collateral attack, petitioner had to show cause and prejudice for failure to raise on direct appeal); *Sanchez v. United States,* 782 F.2d 928, 935 n. 3 (11th Cir.1986) (to raise issue of non-unanimous jury verdict in a section 2255 proceeding, petitioner must normally show cause and prejudice for his procedural default); *Amadeo v. Kemp,* 816 F.2d 1502 (11th Cir.1987) (state prisoner had to establish cause and prejudice in order to raise challenge to jury list in federal habeas petition when he had not objected at trial as required under Georgia law), *cert. granted,* —— U.S. ——, 108 S.Ct. 257, 98 L.Ed.2d 214; *Morris v. Kemp,* 809 F.2d 1499 (11th Cir.1987) (absent a showing of cause and prejudice, state prisoner cannot raise ineffectiveness of counsel in federal habeas petition when he had not raised it in first state habeas petition).

■ A consideration of the language[2] and purposes of Fed.R.Crim.P. 32(c)(3)(D)

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. Petitioner Parks alleges two grounds for relief. First, petitioner contends that the sentencing court failed to comply with the mandates of Fed.R.Crim.P. 32(c)(3)(D) by neglecting to respond to petitioner's challenge of several matters discussed in the presentence investigation report (PSI). Second, petitioner asserts that both he and his counsel lacked adequate opportunity to prepare a reubttal to evidence offered by a witness called by the government at sentencing.

2. Rule 32(c)(3)(D) reads:
   If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter

and of the rationales supporting either the "plain error" or "cause and prejudice" standard compels this court to require a petitioner in appellant Parks' circumstances to meet the more stringent standard. In order to raise issues relating to the accuracy of the PSI report on collateral attack of sentence when direct review has occurred, a petitioner must show cause for failure to raise the claim during prior review as well as actual prejudice resulting from the errors claimed.[3] *See generally United States v. Edmondson,* 818 F.2d 768 (11th Cir.1987) (failure to raise objections at sentencing hearing as to inadequate time to review PSI or as to report's inaccuracy bars raising such objection in a later motion under Rule 35); *Simmons v. United States,* 777 F.2d 660 (11th Cir.1985) (failure to raise objections as to PSI's inaccuracy at sentencing hearing bars raising such objections in a section 2255 petition).

 Due process protects a defendant's right not to be sentenced on the basis of false information and invalid premises. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Satterfield,* 743 F.2d 827, 840 (11th Cir.1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). Still, no constitutional requirement mandates that consideration of an accused's claims be afforded the same scope of review on collateral attack as on direct appeal; and, in fact, societal interests in finality of judgment and efficiency of judicial process require that the scope be more limited. *United States v. Frady, supra; see also Williams v. United States,* 805 F.2d 1301 (7th Cir.1986) (applying cause and prejudice standard in section 2255 proceedings), *cert.*

*denied,* —— U.S. ——, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987).

 Assuming, *arguendo,* that petitioner Parks did make proper objections at his sentencing and that the sentencing court failed to resolve the disputes as required by Rule 32(c)(3)(D), it was petitioner's responsibility to raise this failure as a ground for relief in his appeal of the judgment and sentence. He did not do so. Because petitioner Parks has made no showing of cause to explain this failure to raise the issues of which he now complains on direct appeal, his motion as to violations of Rule 32(c)(3)(D) must fail.

The district court's order is AFFIRMED.

---

controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

3. We will note that a convicted and sentenced defendant who wishes to challenge his sentencing has several options: he may take direct appeal, file a Rule 35 motion to correct or reduce sentence, or file a section 2255 motion to vacate sentence. These courses of action are

not exclusive one of the other; if he acts in time, a defendant may, for example, file a Rule 35 motion and then file a direct appeal. Petitioner Parks availed himself of all three procedures, filing a Rule 35 motion, taking direct appeal, and then bringing the present section 2255 petition. In this case we decide only that where a defendant has pursued direct appeal of his case, he may not raise new claims regarding the sentencing procedure in a section 2255 habeas action without a showing of cause and prejudice.