UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio Jairo VELEZ–RENDON,
Defendant–Appellant.

No. 87–5494
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1988.

Thomas M. Dawson, Leavenworth, Kan., for Velez–Rendon.

Leon B. Kellner, U.S. Atty., David O. Leiwant, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for U.S.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Velez–Rendon appeals from the district court's denial of his "Application Pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure." At the time the district court entered its order, the court did not have the benefit of our opinion in *United States v. Fischer*, 821 F.2d 557 (11th Cir.1987), in which we held the following:

Fed.R.Crim.P. 32, standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.

*Id.* at 558.

Nor can we consider appellant's application as a motion to correct a sentence imposed in an illegal manner under Fed.R. Crim.P. 35(a) because it was not filed within the required 120 days. If we were to treat the application as a petition under 28 U.S.C. § 2255 we would have to find that Velez–Rendon's claims are not cognizable in a habeas corpus proceeding because the errors Velez–Rendon complains of do not qualify as " 'fundamental defect[s] which

inherently result[ ] in a complete miscarriage of justice.' " *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)); *see Hill*, 368 U.S. at 424, 82 S.Ct. at 468 (sentencing court's failure to comply with Fed.R.Crim.P. 32(a) not cognizable under § 2255).

Accordingly, the case is remanded to the district court to dismiss for lack of jurisdiction.

REMANDED.