887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Jerome LEE, a/k/a Brother, Defendant-Appellant.
 No. 88-6050.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 16, 1989.
Decided: Sept. 28, 1989.
 
 Bernard Jerome Lee, appellant pro se.
 Charles Preston Scheeler (Office of the United States Attorney), for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bernard Lee, a federal prisoner, filed a motion, purportedly under Fed.R.Crim.P. 32(c)(3)(D), alleging that the district court failed to make findings about disputed statements in his presentence report and to append those findings to the presentence report. His motion originally sought expungement of the disputed statements. Later, Lee asked the court to make the findings required by Rule 32(c)(3)(D) and to resentence him. The district court denied Lee's motion. We affirm.
 
 
 2
 Lee's allegations about Rule 32 violations are not cognizable at this time. Rule 32 itself does not give district courts independent jurisdiction to consider post-judgment challenges to sentences. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557 (11th Cir.1987). Lee's motion cannot be construed as a Fed.R.Crim.P. 35(a) motion to correct a sentence imposed in an illegal manner, as it was not filed within 120 days of the Supreme Court's June 25, 1985, denial of certiorari in Lee's direct appeal. Fed.R.Crim.P. 35(a); United States v. Katzin, 824 F.2d 234, 237 (3d Cir.1987); cf. United States v. Miller, 849 F.2d 896 (4th Cir.1988) (considering Rule 32 violations on review of denial of Rule 35(a) motion filed within 120 days of judgment). While an illegal sentence, as opposed to a sentence imposed in an illegal manner, may be corrected at any time under Rule 35(a), the district court's alleged failure to make findings and append them to the presentence report did not render Lee's sentence illegal. See Katzin, 824 F.2d at 237; Fischer, 821 F.2d at 558.
 
 
 3
 Finally, Lee is not entitled to relief under 28 U.S.C. Sec. 2255. Lee did not raise his allegations of Rule 32 errors on direct appeal of his criminal conviction. See United States v. Lee, No. 84-5051 (4th Cir. Dec. 26, 1984) (unpublished). This Court has held that a defendant waives nonconstitutional Rule 32 errors by failing to raise them on direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir.1989). Lee's allegations are not of constitutional dimension because he has not alleged that the district court relied on the allegedly inaccurate information in sentencing. See United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986).
 
 
 4
 Accordingly, we affirm the district court's denial of relief. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.