902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clay Ellis HOLBROOK, Sr., Defendant-Appellant.
 No. 89-6071.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1990.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant, Clay Ellis Holbrook, Sr., a pro se federal prisoner, appeals the district court's denial of his motion for relief filed pursuant to Fed.R.Crim.P. 32. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Holbrook pleaded guilty to conspiracy to transport stolen goods in violation of 18 U.S.C. Sec. 371, and aiding and abetting the malicious destruction of property by means of fire or explosives in violation of 18 U.S.C. Secs. 844(a)(i) and (j). He was sentenced to two consecutive terms of five years imprisonment. Holbrook did not file a direct appeal, and the district court later denied Holbrook's motion for a reduction of sentence filed pursuant to Fed.R.Crim.P. 35(b). Thereafter, Holbrook filed the instant motion pursuant to Fed.R.Crim.P. 32 (Rule 32) alleging: (1) that neither he nor his attorney was allowed access to the presentence investigation report (PSI) a reasonable time before sentencing, thus they did not have an opportunity to review and discuss the PSI; (2) the PSI contained materially false assumptions; (3) he was not allowed to comment on the allegedly inaccurate information; and (4) his parole release guidelines are based upon the erroneous information contained in the PSI. Holbrook requested: (1) that he be resentenced based upon accurate information; (2) that the PSI be corrected prior to resentencing; (3) that all current copies of the PSI be recalled and destroyed; (4) that the information regarding the robbery victim being shot and killed be deleted from the PSI; and (5) that an evidentiary hearing be held.
 
 
 3
 The magistrate recommended the motion be denied, finding that Rule 32 standing alone did not provide the court with jurisdiction to entertain a motion making a post-judgment collateral attack on defendant's sentence. The court also reviewed the sentencing colloquy and found that neither Holbrook nor his counsel raised any issue concerning the accuracy of the PSI. The district court adopted the magistrate's recommendation over Holbrook's objections.
 
 
 4
 On appeal, Holbrook reasserts his claims, requests the appointment of counsel, and additionally argues that counsel was ineffective for not bringing the errors in the PSI to the court's attention.
 
 
 5
 Upon review, we affirm the district court's judgment. Holbrook's basic complaint is that his PSI contained information concerning the robbery victim being shot and killed. The district court properly denied the motion because Rule 32 does not provide the district court with jurisdiction to hear a post-judgment collateral attack on Holbrook's sentence for a Rule 32 violation. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557, 558 (11th Cir.1987) (per curiam). Moreover, even if we construe this motion as a motion to vacate sentence under 28 U.S.C. Sec. 2255, Holbrook would still not be entitled to relief because he failed to sustain his burden of showing that the information regarding the death of the robbery victim was false. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987).
 
 
 6
 Finally, we do not address Holbrook's claim that counsel was ineffective because it was not first presented to the district court and it does not present exceptional circumstances. See Pinney Dock and Trans. Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.