**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robel Alberto VARGAS, Defendant–
Appellant.**

**No. 91–5304
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 1992.

---

Alison Marie Igoe, Helen C. Trainor, Asst. Federal Public Defenders, Miami, Fla., for defendant-appellant.

Steven Petri, Lynne Lamprecht, Linda Collins Hertz, Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

Appellant was found guilty by a jury of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and use of the United States Mail Service in furtherance of drug trafficking in violation of 21 U.S.C. § 845(b). Appellant claims that the government failed to prove beyond a reasonable doubt that appellant possessed the cocaine and that appellant used the mail service to ship the cocaine. Appellant also claims that the government's methods of investigation and arrest violated his fifth amendment right of due process.

United States Customs Services intercepted a package at the Foreign Mail Facility in Miami that exhibited suspicious characteristics.[1] The package was addressed to an individual named Susan Taylor at appellant's address.[2] Upon opening the package, the customs agent discovered towels, coffee grinds and ten individually wrapped kilograms of cocaine.[3]

A controlled delivery was arranged whereby one of the blocks of cocaine was removed and a radio transmitter, disguised to look like the removed block, was placed inside of the package. The transmitter was set to alert DEA agents when one of the blocks of cocaine was removed from the package.[4] The inside of the package was sprayed with a fluorescent dye, invisible to the naked eye but revealed when placed under a black light. A government agent then delivered the package to appellant's home.[5]

Approximately four hours later, after appellant was observed by government agents arriving at his home, the transmitter device alerted agents that the package had been opened and some of the cocaine was being removed. Drug enforcement agents, pursuant to a search warrant, entered appellant's home and apprehended appellant and his wife attempting to leave the residence. The package was found in the garage, two of the blocks of cocaine had been placed in a separate box, their outer wrappings removed. The transmitter device was found in a neighbor's yard, its disguise ripped open to reveal its true identity.[6] Appellant's hands and arms, when viewed under a black light, were coated in the florescent dye.

---

1. The customs agent noted that the package was shipped from Panama, a source nation for narcotics, and that the heavy weight of the package contradicted the writing on outside of the package, which stated that the package contained ceramics.

2. A subsequent United States Postal Services investigation revealed that no one named Susan Taylor lived at the appellant's address.

3. Each kilogram was individually wrapped in tape with a surgical glove wrapped over it.

4. A court order was secured prior to this procedure, approving of the controlled delivery.

5. Appellant's twelve year old daughter was at home alone when the package was delivered. The child told the government agent disguised as a postal worker no one named Susan Taylor lived at that address. While the parties dispute the extent to which the agent encouraged the child to accept the package, the child testified that she signed a receipt for the package and instructed the agent to leave the package in the garage of her parent's home.

6. Fingerprint tests, conducted later, revealed appellant's fingerprints on the outside of the transmitter device.

■ In assessing whether the evidence was sufficient to warrant a conviction, we determine "whether, viewing the evidence together with all reasonable inferences in the light most favorable to the government, a reasonable jury could conclude that the evidence established guilt beyond a reasonable doubt." *United States v. Vera*, 701 F.2d 1349, 1356–57 (11th Cir.1983); *see United States v. Sanchez*, 790 F.2d 1561, 1563 (11th Cir.1986); *United States v. Cole*, 755 F.2d 748, 754–55 (11th Cir.1985). A jury is free to choose among reasonable constructions of the evidence. *See United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir.1990); *United States v. Kelly*, 888 F.2d 732, 740 (11th Cir.1989).

Based upon the fact that the dye placed in the box by DEA agents was found on appellant's hands and arms after the box had been opened in appellant's home, it was reasonable for the jury to infer that it was appellant who opened the package and began removing the blocks of cocaine and placing them in a separate box.[7] Based upon the fact that the transmitter device was found with appellant's fingerprints on it in the appellant's neighbor's yard, it was reasonable for the jury to infer that appellant discovered the device and threw it into his neighbor's yard in order to divert government agents.[8] Based on the fact that appellant was apprehended fleeing his home, it was reasonable for the jury to infer consciousness of guilt. *See United States v. Borders*, 693 F.2d 1318, 1324–25 (11th Cir.1982), *cert. denied*, 461 U.S. 905, 103 S.Ct. 1875, 76 L.Ed.2d 807 (1983).

These facts and inferences, when taken together, allowed the jury to reach the reasonable conclusion that appellant was in knowing possession of the cocaine. *See United States v. Crawford*, 906 F.2d 1531, 1535 (11th Cir.1990) (Possession may be actual or constructive and may be shown by either direct or circumstantial evidence).

■ Appellant claims that passive receipt of the package is an insufficient basis for conviction on the charge of using the mail service in furtherance of drug trafficking. The facts underlying the jury's reasonable finding of guilt on the possession charge indicates that appellant anticipated receipt of the package. Further, appellant's opening of the package and removal of some of its contents goes beyond mere passive receipt.

It is significant that appellant opened the package even though it was addressed to someone else. If, as appellant argues, he was not anticipating receipt of the package, it would be reasonable to expect him to return it to the post office for proper delivery or return to the sender.[9] The appellant's action in opening the package was consistent with an expectation of receipt. Accordingly, it was reasonable for the jury to conclude that appellant knowingly used the mails in furtherance of drug trafficking and to convict on the charge.

■ Appellant claims due process violations in the government's methods of investigation, controlled delivery and arrest. However, no objection on these grounds was ever raised before the district court. An issue not presented before the district court may not be presented for the first time on appeal. *See United States v. Edmondson*, 818 F.2d 768, 769 (11th Cir. 1987). Trial counsel, not the same counsel as on appeal, did attempt to bring into evidence the government's methods of controlled delivery, investigation and arrest during the testimony of appellant's daughter. The trial judge asked counsel what relevancy those issues had to the issue

---

**7.** The only other adult in appellant's home at the time the package was opened, appellant's wife, had none of the dye on her person.

**8.** Appellant claims he did indeed discover the device and, fearing he had been mailed a bomb, threw it into his neighbor's yard and fled with his wife to avoid injury, leaving his daughter behind in the home. We will not speculate on the reasonable inferences that could be drawn

from this claim with regard to appellant's credentials as a neighbor.

**9.** Appellant argues in his brief that returning the package to the post office was impossible as he arrived home to find the package after the post office had closed for the day. In that situation, it would be reasonable to expect appellant to hold the package unopened until it was possible to return it.

then before the district court—namely, appellant's innocence or guilt:

Counsel: The relevancy is to show the general pattern of police conduct throughout the entire investigation.

The Court: What's the relevance of the police conduct?

Counsel: How they got the stuff into the house in the first place, violating the postal regulations, violating the rights of citizens. [ ]

The Court: I think that this is just a very transparent effort to inject prejudice into this case and we are going to be trying an issue that's solely collateral to the issue the jury has to decide. [The child can testify regarding acceptance of the package from the agent,] but I just don't know why this jury ought to decide the question whether [the police] were overly diligent. I'm going to allow anything regarding the delivery that the little girl has to say, up until the time of arrest. I just don't see how that's relevant to anything in this case.

Counsel: Will you note my proffer for the record and my objection to your ruling?

The Court: Sure.

R3:161–64.

The trial judge ruled correctly in the above colloquy as the issue of whether appellant's due process rights had been violated by the government's conduct was not then before the district court. Nor was the issue brought before the district court at a later time. Because appellant failed to present this issue to the district court, he is precluded from relief on that basis before this court. *See United States v. Johnson,* 889 F.2d 1032, 1035 (11th Cir.1989); *Allen v. Alabama,* 728 F.2d 1384, 1387 (11th Cir. 1984) ("It is not the practice of this court to consider issues on appeal not raised in the district court").

AFFIRMED.