15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John W. COSGRAVE, Plaintiff-Appellant,
v.
MARRIOTT HOTELS, INC., Defendant-Appellee.
 No. 92-36677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John W. Cosgrave appeals pro se the district court's denial of his Fed.R.Civ.P. 50(b) motion for judgment notwithstanding the verdict in favor of Marriott Hotels, Inc. ("Marriott"), in Cosgrove's diversity action seeking damages for assault and battery and false imprisonment allegedly committed by one of Marriott's security guards. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Jurisdiction
 
 
 4
 Marriott contends that we lack jurisdiction over this appeal because Cosgrave designated the order denying his Rule 50(b) motion, which Marriott contends is a nonappealable order, rather than the final judgment, in his notice of appeal. We disagree.
 
 
 5
 The denial of a Rule 50(b) or 59(a) motion is in itself appealable. See Medrano v. City of Los Angeles, 973 F.2d 1499, 1502 (9th Cir.1992), cert. denied, 113 S.Ct. 245 (1993). Because Cosgrave's timely Rule 50(b) motion tolled the time to appeal from the judgment, the underlying judgment also became appealable upon the denial of the the Rule 50(b) motion. See Fed.R.App.P. 4(a)(4); see also Medrano, 973 F.2d at 1502-03 (notice of appeal from denial of Rule 59(a) motion also served as notice of appeal from underlying judgment where earlier notice of appeal from judgment was of no effect because of pending Rule 59 motion). We have held that
 
 
 6
 a mistake in designating the judgment appealed from does not bar an appeal if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake. Where the appellee has argued the merits fully in its brief, it has not been prejudiced or misled by the appellant's failure to designate specifically any order which is subject to appeal.
 
 
 7
 United States v. Yee Soon Shin, 953 F.2d 599, 560 (9th Cir.1992), cert. denied, 113 S.Ct. 2933 (1993).
 
 
 8
 Here, Marriott had notice of the issue on appeal and has fully briefed the merits of Cosgrave's claim regarding the final judgment. Marriott has suffered no prejudice based on Cosgrove's failure to designate the final judgment in his notice of appeal. See id. at 560-61. Accordingly, we have jurisdiction to review both the final judgment and the denial of Cosgrove's Rule 50(b) motion. See id.; Medrano, 973 F.2d at 1502-03.
 
 II
 Merits
 
 9
 We review de novo a district court's denial of a motion for judgment notwithstanding the verdict, to determine whether the evidence, considered as a whole and viewed in the light most favorable to the nonmoving party, reasonably can support only a verdict for the nonmoving party. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992), cert. denied, 114 S.Ct. 345 (1993). Judgment notwithstanding the verdict is inappropriate if there is substantial evidence supporting the verdict. Id.; see also Fed.R.Civ.P. 50(a)(1).
 
 
 10
 Under Oregon law, an employer is liable for torts committed by its employee if the employee was acting within the scope of his employment. Chesterton v. Barmon, 753 P.2d 404, 406 (Or.1988). Whether an employee is acting within the scope of employment depends on (1) whether the act occurred within the time and place limits authorized by the employment; (2) whether the employee was motivated, at least in part, by a purpose to serve the employer; and (3) whether the act is of a kind the employee was hired to perform. Id. With respect to the second factor, "the intentional act must have been undertaken with the intent of furthering the business purposes of the employer, however misguided that intent may seem." G.L. v. Kaiser Foundation Hospitals, Inc., 757 P.2d 1347, 1350 (Or.1988).
 
 
 11
 Here, Cosgrove alleged that a security guard at Marriott's hotel in Portland, Oregon, Brian Damman, used excessive force after restraining him during an altercation among patrons at a hotel bar. Specifically, Cosgrove alleged that Damman slapped him after handcuffing him. Cosgrove further alleged that Marriott, as Damman's employer, was liable for Damman's wrongful act by virtue of respondeat superior.
 
 
 12
 At trial, Damman testified that he slapped Cosgrove when Cosgrove unexpectedly kicked him in the groin. The bar supervisor, Lake Boggan, testified that he saw Cosgrove kick Damman in the groin and saw Damman hit Cosgrove back, apparently in anger. On the basis of this testimony, a reasonable jury could have concluded that Damman hit Cosgrove in an instinctive reaction to being kicked in the groin, rather than out of any purpose to further the business interests of his employer. See Chesterman, 753 P.2d 404, 406; Kaiser, 757 P.2d 1347, 1350. Accordingly, the verdict was supported by substantial evidence.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3