[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

No. 07-11592
Non-Argument Calendar
_____

D. C. Docket No. 93-08102-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY GREENWOOD,
a.k.a. Reginald Grimes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Greenwood, proceeding *pro se*, appeals the district court's denial of his post-conviction motion, which he titled "Pro Se Nunc Pro Tunc Motion For The District Court To Revise And Or Correct Defendant's Presentence Investigation Report." On appeal, Greenwood argues a United States probation officer erred by covering up inaccurate information in his PSI and the district court erred by failing to order his PSI be corrected. He submits the alleged errors have resulted in his present illegal detention.

Whether a district court has subject matter jurisdiction is a legal question subject to plenary review. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). Although Greenwood's motion does not identify a source of authority pursuant to which he seeks relief, we have indicated federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

District courts do not have authority to modify a prisoner's sentence, except to the extent provided by the federal statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure. *See Diaz-Clark*, 292 F.3d at 1315–18. Section 3582(c)(1)(B) of Title 18 of the United States Code provides a

2

district court may not modify a term of imprisonment once it has been imposed unless such modification is "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35. Because Greenwood's motion appears ultimately to challenge his conviction and sentence, we construe his motion as either (1) a motion to modify the sentence under § 3582 or Federal Rule of Criminal Procedure 35 or (2) a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.

Federal Rule of Criminal Procedure 35 allows a court to correct a prisoner's sentence if (1) it is within seven days after sentencing and the sentence resulted from arithmetical, technical, or other clear error, or (2) the Government files a substantial assistance motion. Fed. R. Crim. P. 35(a)-(b). Under § 3582(c)(2), a district court may reduce a defendant's sentence if his Guidelines range has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). In certain circumstances, § 3582(c)(1)(A) allows a court to modify a term of imprisonment if the Director of the Bureau of Prisons moves for a sentence reduction.

Rule 35 and § 3582 do not provide Greenwood with the relief he seeks. Rule 35 is inapplicable because the Government never filed a motion to reduce Greenwood's sentence and Greenwood filed his own motion more than seven days

3

after sentencing. *See United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000) (holding, in the context of an earlier verison of Rule 35, the seven-day limitation is a "jurisdictional restriction"). Likewise, § 3582 does not apply because Greenwood's motion did not identify a retroactively applicable amendment to the Sentencing Guidelines that would have the effect of lowering his Guidelines range, *see* § 3582(c)(2), and the Director of the Bureau of Prisons did not move to reduce Greenwood's term of imprisonment, *see* § 3582(c)(1)(A).

Greenwood is also not entitled to any relief under 28 U.S.C. § 2255. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding, to the extent a defendant is attempting to attack his sentence collaterally as a violation of the United States Constitution, "the proper avenue of relief is § 2255"). Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or a correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. §§ 2255(h),

4

2244(b)(3)(A).

The district court did not have jurisdiction to construe Greenwood's present motion as a § 2255 motion because Greenwood previously filed a § 2255 motion and did not obtain authorization from this Court to file a second or successive § 2255 motion. *See Holt*, 417 F.3d at 1175 (holding the district court lacked jurisdiction to consider a defendant's motion, construed as a motion filed under § 2255, because the defendant had filed a previous § 2255 motion and had not obtained authorization from this Court to bring a second or successive one). Furthermore, even if the district court did have jurisdiction, Greenwood is not entitled to relief under § 2255 because he did not object to the alleged inaccuracies in his PSI at sentencing. *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987) ("[W]here a defendant was given an opportunity to examine his PSI report, in order to bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late.").

We conclude no statute or rule provided the district court with a jurisdictional basis on which to consider Greenwood's motion. Accordingly, we affirm.

**AFFIRMED.**