[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14767
Non-Argument Calendar
_____

D.C. Docket No. 0:06-cr-60248-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Stanley McCray appeals *pro se* the denial of his post-judgment motion to

amend and correct his presentence investigation report.  McCray argues that the

presentencing investigation report erroneously stated that he had been convicted of aggravated assault when he instead had pleaded guilty to a lesser-included charge and that his sentence should not have been enhanced under the Armed Career Criminal Act.  McCray filed his motion nearly seven years after his criminal conviction became final.  We vacate and remand with instructions to dismiss for lack of jurisdiction.

We review *de novo* jurisdictional issues.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

The district court lacked jurisdiction to entertain McCray's motion several years after his sentence was imposed.  Federal Rule of Criminal Procedure 32 governs the preparation of presentencing reports, but it provides no jurisdiction for correcting a report after a judgment of conviction and sentence has been entered.  Fed. R. Crim. P. 32; *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir. 1987).  An error in the report may instead be challenged on direct appeal.  *United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987).  Federal Rule of Criminal Procedure 35 permits a district court to correct a sentence for an arithmetical, technical, or other clear error, but only within 14 days of sentencing.  Fed. R. Crim. P. 35(a).  And Federal Rule of Criminal Procedure 36 permits a district court, at any time, to correct a clerical error or an error in the record arising from oversight or omission.  Fed. R. Crim. P. 36.  But a motion under Rule 36 may not be used to make

2

substantive alterations to a sentence.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).  And a defendant cannot challenge the accuracy of his presentencing investigation report for the first time in a collateral attack.  *Simmons v. United States*, 777 F.2d 660, 661–62 (11th Cir. 1985).  Moreover, a collateral attack by McCray would be barred as successive unless he first obtained permission from this Court to file his motion.  28 U.S.C. § 2255(h).  Because the district court lacked jurisdiction to entertain McCray's motion, we vacate and remand with instructions to dismiss for lack of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**