[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-10657
Non-Argument Calendar

————————————————

D.C. Docket No. 8:12-cr-00065-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS GREGORY FLOYD,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(October 16, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Demetrius Floyd appeals the district court's denial of his motion to correct

his presentence investigation report ("PSI") under Fed. R. Crim. P. 36. On appeal,

Floyd argues that the district court erred in denying his motion because Florida had

no attempted murder statute when he was convicted and that he improperly received a career-offender enhancement based on a prior Florida conviction for attempted first-degree murder that was included in the PSI. After careful review, we vacate and remand for the district court to dismiss the case for lack of jurisdiction.[1]

We review jurisdictional issues de novo. United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009). We review the district court's application of Rule 36 de novo. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

There are limited ways the district court may revisit a sentencing decision after imposing the sentence. Under Rule 35(a), for example, a district court may correct a sentence that resulted from arithmetical, technical, or other clear error, within 14 days after sentencing. Fed. R. Crim. P. 35(a). In addition, Rule 36 allows a district court, after giving any notice it considers appropriate, to at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. Notably, however, Rule 36 may not be used to make substantive alterations to a criminal sentence, and the district court lacks jurisdiction to make such changes. See Portillo, 363 F.3d at 1164 (noting that the question was whether the district court had jurisdiction to make corrections under Rule 36).

---

[1] Demetrius Floyd's motion to file his reply brief out-of-time is GRANTED.

Another possible avenue is through 28 U.S.C. § 2255. Pursuant to § 2255, a prisoner in federal custody may file a motion to vacate, set aside, or correct sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Importantly, a federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. See 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244.

As for Federal Rule of Criminal Procedure 32, which provides the procedures for sentencing and the preparation of the PSI, it does not, standing alone, provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on a sentence. United States v. Velez-Rendon, 845 F.2d 304, 304 (11th Cir. 1988). The proper time to raise such a claim is on direct appeal. United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987).

In this case, the district court lacked jurisdiction to consider Floyd's Rule 36 motion on the merits, because he was not seeking to correct a clerical error. As the record shows, Floyd sought to remove his prior Florida conviction for attempted first-degree murder from the PSI and thereby invalidate the career-offender enhancement. He specifically asked for a resentencing as a result of his Rule 36 motion. But Rule 36 cannot be used to make substantive alterations to a criminal

3

sentence, which is what Floyd sought to do. Portillo, 363 F.3d at 1164. Instead, the proper time to raise an objection to the PSI was at sentencing or on direct appeal, which Floyd failed to do. See, e.g., Fed. R. Crim. P. 32(f), (i)(1)(D); Peloso, 824 F.2d at 915. As a result, the district court lacked jurisdiction to address Floyd's challenge under Rule 36. See Portillo, 363 F.3d at 1164.

Nor could Floyd's motion have been construed under any other rule that would have given the district court jurisdiction to consider it. As we've noted, Rule 32, which provides the procedures for sentencing and the preparation of the PSI, does not, standing alone, provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on a sentence. Velez-Rendon, 845 F.2d at 304. And while Rule 35(a) allows the district court to correct an arithmetical, technical, or other clear error within 14 days of sentencing, Floyd filed his motion nearly 5 years after sentencing. Fed. R. Crim. P. 35(a). Finally, Floyd's motion could not have been construed as a § 2255 motion because he already filed an initial § 2255 motion that was denied on the merits and has not obtained permission from this Court to file another. 28 U.S.C. § 2255(h).

In short, the district court lacked jurisdiction to consider Floyd's motion under Rule 36, and no other procedure provided Floyd an outlet to file the motion either. Accordingly, we vacate the district court's denial of the motion and remand so that the district court can dismiss it for lack of jurisdiction.

4

**VACATED AND REMANDED.**