[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13938

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NORRIS WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:15-cr-00149-SPC-MRM-1

————————————————

2                        Opinion of the Court                22-13938

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Norris Williams, proceeding *pro se*, appeals the district court's denial of his motion to correct clerical errors in his presentence investigation report (PSI) under Federal Rule of Criminal Procedure 36. After careful review, we affirm.

## I.    Background

In 2016, Williams was convicted of four counts for various crimes related to the possession and distribution of heroin.[1] His PSI concluded that Williams qualified for career offender status under U.S.S.G. § 4B1.1 based on a history of "at least two prior felony convictions" involving controlled substances: two Florida convictions for the sale of cocaine (Case Nos. 99-CF-2982 and 99-CF-2983) and one federal conviction for conspiracy to possess cocaine and cocaine base with intent to distribute (Case No. 2:00-cr-37-FtM-29). Additionally, the probation officer assigned a total of four criminal history points for the cocaine-related state convictions (Case Nos. 99-CF-2982, 99-CF-2983, and 99-CF-4465), and three points for the federal cocaine conspiracy conviction (Case No. 2:00-cr-37-FtM-29).

---

[1] A jury found Williams guilty of three counts of possessing with intent to distribute and distributing a detectable amount of heroin under 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of attempting to possess with intent to distribute one kilogram or more of heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846.

Williams and his counsel objected to the PSI's calculations at sentencing, arguing it effectively charges him with the cocaine convictions "three different times" and raising a double jeopardy claim. The district court found the PSI's calculations correct and rejected the double jeopardy objection. We affirmed his sentence on direct appeal and rejected objections to both his career offender status and sentence's substantive reasonableness. *United States v. Williams*, 718 F. App'x 890 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1709 (2018).

In 2019, Williams filed a 28 U.S.C. § 2255 motion with the district court to vacate his sentence and argued, among other things, ineffective assistance of counsel for failure to argue miscalculation of his career offender status. Based on both the facts in the record and the arguments at sentencing, the district court denied the motion as procedurally barred and without merit. In June 2022, we denied Williams' application for a second or successive § 2255 motion for failure to satisfy the requirements of § 2255(h)(1).

This leads us to the present matter. In August 2022, Williams filed a Rule 36 motion, which argued that his series of prior state and federal cocaine convictions[2] should be corrected and scored as a single offense for purposes of the 2016 heroin conviction's criminal history calculations. The district court denied his motion on three relevant grounds: (1) Rule 36 was the improper avenue for relief because he sought to "alter substantively his

---

[2] These convictions include Case Nos. 99-CF-2982, 99-CF-2983, 99-CF-4465, and 2:00-cr-37-FtM-29D.

criminal history score and category" rather than amend a clerical error; (2) Williams failed with analogous arguments on both direct appeal and collateral relief; and (3) despite the motion's improper posture, the district court correctly calculated the prior cocaine convictions as separate offenses in the 2016 PSI.  This appeal followed.

## II.    Discussion

We review the district court's application of Rule 36 de novo.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 states that "the court may at any time correct a *clerical error* in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36 (emphasis added).  Although the rule allows the district court to correct a clerical error, it does not impart independent jurisdiction to consider the merits of an error that is more than "minor and mechanical in nature."  *Portillo*, 363 F.3d at 1165.  In other words, the district court must establish that an error is clerical before it may consider whether correction is proper.  *Id.*  We have recognized that "Rule 36 may not be used to make a substantive alteration to a criminal sentence," but rather provides a remedy to correct transcription errors, such as where a written judgment unambiguously conflicts with an oral pronouncement of sentence.  *Id.* at 1164–65 (citations omitted).

Here, the district court properly denied Williams' Rule 36 motion because the requested changes to his PSI were substantive, not clerical, and thus beyond the scope of Rule 36.  Although

Williams frames his challenge as pertaining to his security status with the Bureau of Prisons, consolidating Williams' state and federal cocaine offenses into a single prior drug conviction would have the substantive effect of rescinding Williams' career offender status and significantly altering the relevant U.S.S.G. range. Declassifying his status would not be a "minor and mechanical" change, but rather "a substantive alteration to [his] criminal sentence." *See id.* at 1164–65. Thus, Williams' motion is beyond the scope of Rule 36.

Furthermore, this motion cannot be read as submitted under either Fed. R. Crim. P. 32 or § 2255 to provide the scope necessary for review. Rule 32, which contains the procedures for preparation of the PSI, cannot alone provide the district court with jurisdiction to hear a post-judgment collateral attack on a sentence for a Rule 32 violation. *See United States v. Velez-Rendon*, 845 F.2d 304, 304 (11th Cir. 1988). Section 2255 is also unavailable because Williams filed an initial § 2255 motion that the district court denied on the merits, and his application for a second or successive § 2255 motion was denied by this court. Contrary to Williams' contentions, both the district court and this court have addressed his criminal history objections at various stages, including sentencing, direct appeal, and collateral relief. At each stage his objections were denied on the merits. Rule 36 does not provide a vehicle to further object to his criminal sentence.

Accordingly, the district court properly denied Williams' Rule 36 motion, and we affirm.

**AFFIRMED.**