[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11466

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT KENNETH DECKER,
a.k.a. DigitalPossi2014,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20769-DMM-1

2                          Opinion of the Court                     24-11466

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Seven years after Robert Decker pleaded guilty to conspiracy to distribute controlled substances and conspiracy to commit money laundering, he filed a motion to correct inaccurate information in his presentence investigation report "pursuant to the Privacy Act of 1974 and 5 U.S.C. § 552a." He said that he was incorrectly assigned three criminal history points in his presentence investigation report. Decker now appeals from the district court's denial of the motion. But because the district court did not have jurisdiction to consider the motion, we vacate its order and remand so that the motion can be dismissed.

The Privacy Act—the statute Decker purported to bring his motion under—is a civil statute that "allows individuals to sue the federal government when it willfully mishandles their personal information." *Santos v. Healthcare Revenue Recovery Grp., LLC*, 90 F.4th 1144, 1156 (11th Cir. 2024). It does not provide a source of authority for a district court to amend a presentence investigation report. And although federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," no other statute provided the district court with jurisdiction to hear the motion. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

In the government's opposition to Decker's motion, it construed his filing as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  But Decker has since made clear that he is "in no way seeking a sentence reduction," so § 3582 cannot provide the basis for the court's jurisdiction.  Nor can Rule 32.  That rule, which governs objections to presentence investigation reports, does not provide a district court with jurisdiction to hear a post-judgment motion to correct "alleged erroneous information" in a presentence investigation report.  *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir. 1987).  Finally, Decker's motion cannot be construed as a § 2255 motion because he previously filed a § 2255 motion and did not obtain authorization from this Court to file a second or successive motion.  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

⋆    ⋆    ⋆

We **VACATE** the district court's order and **REMAND** with instructions to dismiss for lack of jurisdiction.