UNITED STATES of America, Plaintiff-Appellee,

v.

Pablo SARDUY, Defendant–Appellant.

No. 87–5540.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1987.

Decided Jan. 29, 1988.

Thomas M. Dawson, Leavenworth, Kan., for Sarduy.

W. Hickman Ewing, U.S. Atty., Memphis, Tenn., Timothy DiScenza, argued, for U.S.

Before LIVELY, Chief Judge, JONES and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

■ Defendant, Sarduy, was convicted on March 20, 1984, of a violation of 21 U.S.C. § 846 (1981). He was sentenced to five years imprisonment and appealed. His conviction was affirmed by this court. On April 6, 1987, the defendant filed with the district court a "Petition for Relief Pursuant to Rule 32 of the FRCP." Defendant contended that during his sentencing hearing he raised certain alleged inaccuracies in the presentence report which were not resolved in accordance with the requirements of Fed.R.Crim.P. 32(c)(3)(D).[1] The district court denied the motion and defendant appealed. Upon review, we conclude that the district court had no jurisdiction to hear the defendant's motion and we remand for dismissal or other appropriate proceedings.

The Eleventh Circuit dealt with the question of district court jurisdiction to entertain a motion such as that which the defendant has filed here. In *United States v. Fischer*, 821 F.2d 557 (11th Cir.1987), the court stated:

We hold that Fed.R.Crim.P. 32, standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.

Fed.R.Crim.P. 35 provides the jurisdictional base for correction or reduction of a sentence. After a sentence has been imposed, however, Rule 35 motions would have to have been brought within 120 days. Fed.R.Crim.P. 35(b).

821 F.2d at 558. Although this circuit has never before had occasion to rule specifical-ly on this issue, we find the conclusion reached by the Eleventh Circuit to be sound and adopt it as the law for this circuit.

■ We note also that in addition to a Rule 35 motion, a defendant may raise an alleged Rule 32 violation on direct appeal. *United States v. Peloso*, 824 F.2d 914, 915 (11th Cir.1987); *United States v. O'Neill*, 767 F.2d 780, 787 (11th Cir.1985). Since Sarduy did not raise this issue in his direct appeal and since he did not file a Rule 35 motion within 120 days of the affirmance of his conviction, he has lost both of these avenues of redress.

In *Fischer*, the Eleventh Circuit concluded that 28 U.S.C. § 2255 (1971) *may* provide jurisdiction for a collateral attack on the sentence. We agree. Accordingly, we REMAND this matter to the district court to dismiss for lack of jurisdiction or to permit Sarduy to amend and to attempt to assert a section 2255 claim.

---

1. Fed.R.Crim.P. 32(c)(3)(D) provides:

   If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.