856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert W. BRADFORD, Defendant-Appellee.
 Nos. 87-6380, 87-6381.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 87-6380, Bradford, a pro se federal prisoner, appeals the district court's judgment denying his motion to correct his presentence investigation (PSI) report; in 87-6381, Bradford appeals the district court's judgment denying his motion for extension of time in which to file a notice of appeal in another case.
 
 
 3
 Regarding 87-6380, on April of 1983, Bradford pled guilty to several counts of wire and mail fraud and was sentenced to fifteen years imprisonment. In December of 1987, Bradford filed the instant motion alleging that he did not have the opportunity to review the PSI report prior to sentencing. Bradford contended that the sentencing court would not have imposed such a harsh sentence had it been made aware of factual inaccuracies contained in the PSI report. The district court denied the motion.
 
 
 4
 Upon review, we conclude that the district court should have dismissed the motion for lack of jurisdiction. Fed.R.Crim.P. 32 does not provide the district court with jurisdiction to hear a post-judgment collateral attack on one's sentence for a Rule 32 violation. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557, 558 (11th Cir.1987) (per curiam). Although Bradford may no longer file a Fed.R.Crim.P. 35 motion for correction of sentence, see Fed.R.Crim.P. 35(b), he may still raise his claim via a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See Sarduy, 838 F.2d at 158.
 
 
 5
 Regarding 87-6381, on September 10, 1987, Bradford filed a Fed.R.Crim.P. 35 motion for correction of sentence. The district court denied the motion on October 13, 1987. Bradford thereafter filed a notice of appeal alleging excusable neglect for his failure to file the notice of appeal within ten days. This court construed the notice of appeal as a motion for extension of time and remanded the case to the district court for a ruling on the motion. The district court denied the motion. Finding no abuse of discretion, see National Industries, Inc. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258, 1264 (9th Cir.1982), we affirm the district court's judgment.
 
 
 6
 Bradford alleged that the district court intentionally sent the order denying the Rule 35 motion to the wrong address in order to frustrate his right to appeal that judgment. We find that allegation totally unfounded. A review of the record discloses that the district court's clerk's office sent the order to the address that Bradford provided them. Consequently, we conclude that the district court did not abuse its discretion in denying the motion for extension of time because it certainly had the right to rely on the address supplied by Bradford.
 
 
 7
 Accordingly, the district court's judgment regarding Case No. 87-6380 should be vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, with instructions that the district court dismiss the motion for lack of jurisdiction without prejudice to Bradford's right to refile the claim under 28 U.S.C. Sec. 2255. The district court's judgment regarding Case No. 87-6381 should be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.