880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise HALL, Defendant-Appellant.
 Nos. 88-2228, 88-2229.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying her motion for relief which alleged a violation of Fed.R.Crim.P. 32(c)(3)(D), and the order denying her Fed.R.Civ.P. 60(b) motion filed in the district court. The appeals have been consolidated for review. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Denise Hall was convicted on two of four counts in a multi-count indictment: conspiracy to possess with intent to distribute and to distribute heroin, and aiding and abetting the distribution of heroin. She was sentenced to serve five years' imprisonment on each count; the convictions were affirmed on appeal. United States v. Wagner, No. 86-1223/25 (6th Cir. Jan. 8, 1987). Hall was acquitted on the additional counts of conspiracy and aiding and abetting in retaliation against a government informant.
 
 
 4
 Hall filed a "motion for relief" in which she alleged that her sentence was illegal due to a violation of Fed.R.Crim.P. 32(c)(3)(D). She complained that the trial court, at sentencing, erred by failing to make findings as to the accuracy of information contained in the presentence report concerning the charges on which she was acquitted and the amount of heroin involved in the charges on which she was convicted. The district court found no violation of Rule 32(c)(3)(D) and denied the motion. Hall filed a timely notice of appeal which was docketed as case No. 88-2228. Thereafter, Hall filed a Rule 60(b) motion seeking relief based on newly discovered evidence. The district court denied the motion which is under review in Case No. 88-2229.
 
 
 5
 Upon review we conclude that the district court did not abuse its discretion by denying the requested relief.
 
 
 6
 First, Hall was not entitled to relief from sentence pursuant to Fed.R.Crim.P. 32(c)(3)(D). See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988). This rule of procedure does not provide the district court with jurisdiction to hear a motion for post-judgment relief for alleged inaccuracies in the presentence report. 838 F.2d at 158.
 
 
 7
 Second, Hall was not entitled to relief under Fed.R.Crim.P. 35(a) because she did not file a timely motion.
 
 
 8
 Arguably, Hall's request for relief may be construed as a motion to vacate, reduce or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. See 838 F.2d at 158. However, even so, her claim of a Fed.R.Crim.P. 32(c)(3)(D) violation fails because neither Hall nor her counsel raised any objection to the presentence report prior to sentencing. See United States v. Stevens, 851 F.2d 140, 142 (6th Cir.1988).
 
 
 9
 Finally, because Hall did not allege that she was denied the opportunity to review the report prior to sentencing, the district court did not abuse its discretion by denying the Fed.R.Civ.P. 60 motion on grounds of newly discovered evidence within the report.
 
 
 10
 Accordingly, the district court's orders are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation