883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry BROOKS, Defendant-Appellant.
 No. 89-1236.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Brooks has filed a miscellaneous motion on appeal from the district court's order denying Brooks' motion to correct the presentence report in this criminal case. Fed.R.Crim.P. 32(c)(3)(D). This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In the Detroit district court, a jury convicted Brooks of five counts of unlawful distribution of Percodan. 21 U.S.C. Sec. 841(a)(1). He received a sentence of thirty-six months imprisonment and three years special parole. This court affirmed the convictions on appeal.
 
 
 4
 While the appeal was pending, Brooks filed a motion attacking the presentence report under Fed.R.Crim.P. 32(c)(3)(D). The main issue involved the amount of drugs in question in the case. The district court denied the motion, holding that the sentence accurately reflected the amount of drugs involved.
 
 
 5
 The rule in this circuit is that Rule 32, standing alone, does not provide jurisdiction for a post-judgment collateral attack on a defendant's sentence. United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988). In Sarduy, the court remanded the case to the district court for dismissal or amendment to state a Sec. 2255 claim. Sarduy controls the decision in this appeal, and we will follow the procedures specified by that case.
 
 
 6
 The miscellaneous motion is denied. The order of the district court is vacated and the case is remanded under Rule 9(b)(6), Rules of the Sixth Circuit, for dismissal of the motion or amendment by Brooks to state a Sec. 2255 claim.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation