889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leo Victor SAVAGE, Defendant-Appellant,
Leo Victor SAVAGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 88-4063, 89-3567.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's orders dismissing his motion for relief purportedly filed pursuant to Fed.R.Crim.P. 32(c)(3)(D), No. 88-4063, and his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255, No. 89-3567. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in federal district court for the Southern District of Ohio, Leo Victor Savage was convicted of conspiracy to distribute and distribution of a controlled substance within 1,000 feet of a school, 18 U.S.C. Secs. 841(b)(1) and 845. He was sentenced to serve concurrent seven and five year terms of imprisonment and a special parole term of six years, and to pay fifty dollar special assessments on each count. He is currently incarcerated in federal prison within the Southern District of Illinois.
 
 
 4
 Relying on Fed.R.Crim.P. 32(c)(3)(D), Savage filed a "motion for an order to compel the Parole Commission to govern its reliance on adjudicated facts only" in the Southern District Court of Ohio. Savage also filed a motion to vacate, set aside or correct sentence in the Southern District of Ohio pursuant to 28 U.S.C. Sec. 2255 in which he challenged the Parole Commission's reliance on allegedly incorrect information in the presentence investigation report. Savage further asserted claims of inadequate medical care based on the failure of prison authorities to provide him with medication to dissolve gallstones or to provide him with dentures.
 
 
 5
 Upon review we conclude the district court correctly determined that it lacked jurisdiction to order the relief sought by Savage.
 
 
 6
 First, the district court lacked jurisdiction over the motion purportedly filed pursuant to Fed.R.Crim.P. 32(c)(3)(D). Rule 32 does not provide the district court with jurisdiction to address a post-judgment complaint that the sentencing court did not comply with the rule at the time of sentencing. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988).
 
 
 7
 Second, to the extent Savage alleged inadequate medical care in his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. Sec. 2255, the district court lacked jurisdiction over Savage's claims. Complaints about the conditions of his confinement concern the execution rather than the imposition of his sentence. Jurisdiction lies in federal district court in the district where the custodian may be found. See Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Because Savage is incarcerated in Illinois, the district court for the Southern District of Ohio properly dismissed the eighth amendment claims.
 
 
 8
 Third, to the extent Savage alleged inaccuracies in the presentence report, the district court properly denied relief under Sec. 2255. Admittedly, the district court may have jurisdiction under 28 U.S.C. Sec. 2255 to review allegations of inaccuracies in the presentence report. See Sarduy, 838 F.2d at 158. However, Savage is not entitled to relief because he failed to show that the information in the report was material and false and that the district court relied on the alleged inaccuracy at sentencing. See United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987). Savage essentially challenged the conditions of his confinement and the reliance of the Parole Commission on alleged inaccuracies in the presentence report, matters over which the district court lacked jurisdiction.
 
 
 9
 Accordingly, the district court's orders are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation