893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evan MILLER, Defendant-Appellant.
 No. 89-1693.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Evan Miller, a pro se federal prisoner, appeals the district court's order denying his motion for an opportunity to comment filed pursuant to Fed.R.Crim.P. 32(c)(3)(A). Miller claimed that a material modification was made in his pre-sentence report after he was sentenced in order to change his offense severity rating from category five to category six.
 
 
 3
 After reviewing the record and pleadings, the district court denied Miller's motion based upon findings that: (1) Miller and his counsel were given an opportunity to comment on the pre-sentence report at sentencing; and (2) no changes had been made in the pre-sentence report. Miller has filed a timely appeal, asserting that the district court's action was an abuse of discretion.
 
 
 4
 Upon review, we conclude the district court properly dismissed Miller's motion.
 
 
 5
 Miller does not complain that he was not given an opportunity to comment on the pre-sentence report or that the report was inaccurate. Rather, Miller complains about a letter written by his probation officer to the United States Parole Commission after sentencing, which recommended that his offense severity rating be increased from five to six, and the commission's subsequent adjustment of his severity rating.
 
 
 6
 Since Miller was given an opportunity to comment on the pre-sentence report at the sentencing hearing, he cannot compel the district court to give him another opportunity to comment via a post-sentencing motion filed under Fed.R.Crim.P. 32. See United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987). Indeed, a district court does not even have the authority to grant such a request made in a motion filed under Fed.R.Crim.P. 32. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988).
 
 
 7
 Moreover, the computation of an offense severity rating, is part of the Parole Commission's ultimate discretion to grant or deny parole and is not subject to judicial review. See e.g., Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.