914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy MARTIN, Defendant-Appellant.
 No. 89-3548.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Randy Martin appeals an order of the district court which denied his "motion to correct presentence report". He now moves to expedite the appeal. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Martin pleaded guilty to a single count of possession of a controlled substance with the intent to distribute. As punishment, the district court sentenced him to a term of six years imprisonment. Martin subsequently challenged the validity of that sentence by filing a "motion to correct presentence report" pursuant to Fed.R.Crim.P. 32(c)(3)(D). In support of his request for that relief, he maintained that his sentence was unduly long because it was based upon factual errors contained in the presentence investigative report. Martin further alleged that his attorney's failure to object to those errors constituted ineffective assistance of counsel. Finally, he also maintained that parole authorities had improperly relied upon those inaccuracies to delay his eligibility for release on parole. After review of those claims in light of the record, however, the district court determined that they were without merit and denied Martin's motion. Martin subsequently filed this appeal.
 
 
 3
 This court has held that Fed.R.Crim.P. 32 does not create an independent action over which the district court has jurisdiction to review collateral challenges to convictions. United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988). Rather, claims based upon the alleged violation of that rule must be advanced through some other recognized proceeding. Accordingly, as the "motion to correct presentence report" questioned both the length of Martin's sentence and its execution as directed by parole authorities, it has been construed as both a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 and a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241.
 
 
 4
 After a thorough review of the record, this court has concluded that none of Martin's claims warrants the granting of relief. First, he cannot succeed on the basis of his argument that the district court's reliance on the factual errors in the presentence investigative report resulted in the imposition of an unduly long sentence as neither he nor his attorney objected to those matters during the sentencing hearing. United States v. Stevens, 851 F.2d 140, 142 (6th Cir.1988); United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987). The failure to object to those errors did not constitute ineffective assistance of counsel as the record discloses that Martin was not prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Finally, a federal court cannot consider Martin's claim that parole authorities are improperly relying on the erroneous information contained in the presentence report to delay his release on parole as he has yet to avail himself of administrative remedies for review of such matters. Until Martin has done so, the federal courts are without authority to consider any determinations regarding his eligibility for parole under 28 U.S.C. Sec. 2241. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam).
 
 
 5
 Accordingly, the motion to expedite the appeal is granted and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.