995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. ZACK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2286.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On September 25, 1992, William D. Zack was found guilty by a jury of the following tax-related crimes: conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (1 count); income tax evasion in violation of 26 U.S.C. § 7201 (2 counts); and, making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1) (7 counts). Zack took a timely direct appeal from this conviction. Zack subsequently filed a motion to vacate sentence under 28 U.S.C. § 2255. The district court denied the motion and this appeal followed. The parties have briefed the issues; Zack is proceeding without benefit of counsel. In addition, Zack moves for in forma pauperis status on appeal.
 
 
 4
 Upon consideration, we find no error in the district court's decision. The district court docket reflects that Zack took a timely direct appeal from his September 25, 1991, conviction on October 4, 1991. Zack's motion to vacate was filed on April 28, 1992. The direct appeal was pending in this court as of that date although subsequently decided by another panel of this court. United States v. Zack, Nos. 91-2150, 92-1008 (6th Cir. Jan. 19, 1993) (unpublished).
 
 
 5
 The district court denied Zack's motion to vacate because it was filed during the pendency of the underlying direct appeal and no extraordinary circumstances were apparent that necessitated immediate consideration. The district court properly relied on the great weight of authority in making this decision. See, e.g., United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir.), cert. denied, 110 S.Ct. 3284 (1990). We have reviewed the motion and agree that no "extraordinary circumstances" are apparent in this case.
 
 
 6
 Accordingly, the motion for in forma pauperis status is granted for purposes of this appeal only and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation