12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. ZACK, Defendant-Appellant.
 No. 93-2021.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion for relief from judgment filed under Fed.R.Civ.P. 60(b). He moves for bond pending the appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, William D. Zack was found guilty of conspiracy to defraud the United States, two counts of tax evasion, and seven counts of filing false tax returns. He was sentenced to serve 70 months of imprisonment. The conviction and sentence were affirmed on appeal. United States v. Zack, No. 91-2150 (6th Cir. Jan. 19, 1993) (per curiam) (unpublished). A motion to vacate sentence, filed while the appeal was pending, was dismissed as premature; the dismissal was affirmed on appeal. Zack v. United States, No. 92-2286 (6th Cir. Mar. 9, 1993) (order) (unpublished). A motion for a new trial under Fed.R.Crim.P. 33, based on claims of newly discovered evidence, ineffective assistance of counsel, and insufficient evidence to support the conviction, also was denied. That decision was affirmed on appeal. United States v. Zack, No. 93-1045 (6th Cir. June 14, 1993) (order) (unpublished).
 
 
 3
 Zack is now before the court on appeal from an order denying a motion for relief from judgment, purportedly filed under Fed.R.Civ.P. 60(b). Zack based his motion on an allegation of fraud against the court. He claimed improper application of sentencing guidelines, variance between the indictment and proof, failure to instruct the jury on a multiple conspiracy theory, inexcusable neglect by counsel and prosecutorial misconduct.
 
 
 4
 Upon review, we conclude that the motion was properly denied. Zack is not entitled to relief from judgment pursuant to Fed.R.Civ.P. 60 because this rule applies only to civil proceedings. See Fed.R.Civ.P. 1.
 
 
 5
 Zack's argument that the motion for relief from judgment should have been construed as a motion to vacate sentence under 28 U.S.C. Sec. 2255 is not persuasive. Review of the district court record shows that while the present motion was pending, Zack filed a separate Sec. 2255 motion in which he reasserted his claims of ineffective assistance of counsel and prosecutorial misconduct. Additionally, it appears that review of certain of Zack's claims may not be warranted. For example, a federal prisoner may not relitigate claims in a motion to vacate that have already been addressed on appeal. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Moreover, he must also demonstrate cause for and actual prejudice from his failure to raise on appeal any issue that could have been addressed at that time. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Although Zack's challenge to the effectiveness of counsel's representation may constitute cause, this claim was pending in a subsequently filed motion to vacate sentence, where it is more properly addressed.
 
 
 6
 Zack also argues that the district court should have construed the Rule 60(b) motion as a motion for a writ of coram nobis. This argument lacks merit. Zack has not demonstrated an error of a fundamentally unjust character which would have altered the outcome of the challenged proceedings. See Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). The motion before the court is principally a rehash of claims already decided and does not establish that the remedy of a writ of coram nobis is warranted.
 
 
 7
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.