25 F.3d 1052
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. ZACK, Defendant-Appellant.
 No. 94-1025.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: JONES, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William D. Zack, pro se, appeals a district court order denying his "Motion To Recuse Judge And Request For Assignment Of Another Judge." Zack filed his motion to recuse pursuant to 28 U.S.C. Secs. 144 and 455. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, a jury found Zack guilty of conspiracy to defraud the United States, two counts of tax evasion, and seven counts of filing false tax returns. He was sentenced to 70 months in prison. His convictions and sentence were affirmed on appeal. United States v. Zack, No. 91-2150 (6th Cir. January 19, 1993) (per curiam). Thereafter, Zack filed several post-conviction motions with the trial court, attacking the trial procedure based on various grounds. These motions were denied, and the district court decisions were affirmed by this court on appeal.
 
 
 3
 In support of his motion to recuse, Zack stated that the trial judge has a "personal bias and prejudice against petitioner" and that his bias and prejudice "could not have come from any other source than an extra-judicial source." The motion is accompanied by Zack's affidavit, in which he presented several arguments that were raised in his direct appeal and in his post-conviction motions filed in district court. The district court found Zack's allegations were without merit, because he provided no factual support for his claims of bias and because his arguments relied on the bare assertions that he was convicted and that his post-trial motions were not decided in his favor. Thus, the district court denied the motion to recuse.
 
 
 4
 On appeal, Zack presents arguments that he raised in his direct appeal and in his post-trial pleadings. These many allegations include the prosecution's fraud upon the court, misapplication of the sentencing guidelines, an alleged variance in the indictment, "counterfeited" government documents admitted into evidence, perjured testimony by one of the prosecution's witnesses, and several allegations of ineffective assistance of counsel. Zack requests this court to order a remand with instructions to the lower court to respond to and address all of the issues identified in his brief.
 
 
 5
 Although an order denying recusal of a judge is not ordinarily immediately appealable, see In re City of Detroit, 828 F.2d 1160, 1165-66 (6th Cir.1987) (per curiam), this post-judgment order is final and appealable because there is little prospect that further proceedings will occur to make it final. United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 807 (6th Cir.1990). See also Transportation Cybernetics, Inc. v. Forest Transit Comm'n, 950 F.2d 350, 352-53 (7th Cir.1991). This court reviews a district court's denial of a motion to recuse under Sec. 455 for an abuse of discretion. United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). This court has held that the law with regard to recusal under Sec. 455 is straightforward, well-established, and requires the judge to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989) (citations omitted). The prejudice or bias must be from a source other than participation in the proceedings or prior contact with related cases. Id. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Wheeler, 875 F.2d at 1252 (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1965)).
 
 
 6
 Zack's arguments clearly fail to meet this court's requirement of an extrajudicial source for the alleged bias on the trial judge's part, as set forth in Wheeler. United States v. Nelson, 922 F.2d 311, 320 (6th Cir.1990), cert. denied, 499 U.S. 981 (1991).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.