28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Athens Carl McLAUGHLIN, Defendant-Appellant.
 No. 94-5027.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before JONES and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to correct erroneous information in a presentence report. He has filed a motion for appointment of counsel. The government has tendered papers to the court and moves the court to take judicial notice of records and files from previous cases involving this defendant-appellant. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On October 1, 1986, Athens Carl McLaughlin pleaded guilty to a one-count indictment charging him with failure to appear (bond jumping) in violation of 18 U.S.C. Sec. 3146. He was sentenced to serve three years of imprisonment consecutive to any other sentence he was then serving. In 1979, a twenty-five year term of imprisonment had been imposed following McLaughlin's conviction for possession and distribution of heroin.
 
 
 3
 In his motion to correct erroneous information in the presentence report, McLaughlin asserted that the report contains inaccuracies concerning his role in the drug distribution scheme. He acknowledged that he had previously filed a motion to vacate under 28 U.S.C. Sec. 2255, in which he challenged the same statements as they appeared in the report filed prior to sentencing on the drug conviction. The motion to vacate sentence was denied; the Sixth Circuit affirmed the district court's decision. McLaughlin v. United States, No. 90-6299 (6th Cir. April 4, 1991) (unpublished order).
 
 
 4
 In the present motion to correct the presentence report, McLaughlin again sought to correct the alleged inaccuracies concerning his role in the drug scheme. He maintained that the district court abused its discretion by denying the earlier Sec. 2255 motion and that the Parole Commission had relied on the inaccurate information in denying him release on parole. The motion was summarily denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion to correct the presentence report because the district court lacked jurisdiction to grant the relief requested. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988).
 
 
 6
 To the extent McLaughlin seeks to challenge the Parole Commission's reliance on the alleged inaccuracies, he may only do so in a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241 after he has exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). McLaughlin has not alleged, and review of the record does not reveal, that he has done so. Even when the present motion is construed as a petition filed under Sec. 2241, McLaughlin is not entitled to relief. Factual findings and credibility determinations by the Parole Commission are not subject to judicial review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 7
 Accordingly, the government's request to take judicial notice is granted, the motion for appointment of counsel is denied, and the district court's order denying the motion to correct the presentence report is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.