64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. LAGORGA, Defendant-Appellant.
 No. 95-3169.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Michael Lagorga appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In December 1992, Lagorga pleaded guilty to wire fraud in violation of 18 U.S.C. Sec. 1343 and to transportation of stolen goods in violation of 18 U.S.C. Sec. 2314. In exchange for the plea, the government dismissed the remaining counts of the indictment. The parties agreed that Lagorga would be sentenced under the 1987 guidelines. In addition, since all counts in both indictments described the same scheme and course of criminal conduct, they were grouped for purposes of guideline computations pursuant to USSG Sec. 3D1.2. The district court sentenced Lagorga to one year of imprisonment, three years of supervised release, and a $100 special assessment.
 
 
 3
 On appeal, Lagorga's two counsel have filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel have indicated that they have an irreconcilable difference with the defendant. Counsel also submitted the following issues for review: 1) whether the district court improperly calculated Lagorga's Criminal History Category; and 2) whether the district court improperly calculated Lagorga's offense level. Additionally, Lagorga has filed a pro se appellate brief raising the following issues: 3) whether the district court erred in accepting his guilty plea; and 4) whether the prosecutor vindictively sought two indictments instead of one. He also filed a motion for bail pending appeal.
 
 
 4
 Upon review, we conclude that the district court properly calculated Lagorga's Criminal History Category as the record reflects that Lagorga had seven prior criminal convictions and a criminal history score of 6 which represents a Criminal History Category of III. The district court properly assessed two points against Lagorga for more than minimal planning because his scheme involved repeated acts over a long period of time. See USSG Sec. 1B1.1(f); United States v. Ivery, 999 F.2d 1043, 1046 (6th Cir. 1993) (citing United States v. Wilson, 955 F.2d 547 (8th Cir. 1992)); United States v. Maciaga, 965 F.2d 404, 406 (7th Cir. 1992). Moreover, Lagorga stipulated to the challenged Criminal History Category and the two point assessment.
 
 
 5
 Additionally, Lagorga has not raised any issues warranting reversal of his convictions or sentences. Lagorga knowingly and voluntarily pleaded guilty to wire fraud and to transportation of stolen goods. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). Moreover, the district court properly accepted Lagorga's plea without an evidentiary hearing on the amount of loss suffered by the victims because Lagorga stipulated to the amount of the loss. The government properly charged Lagorga in separate indictments as nothing in the record indicates a realistic likelihood of prosecutorial vindictiveness. United States v. Anderson, 923 F.2d 450, 453 (6th Cir.), cert. denied, 499 U.S. 980 and 500 U.S. 936 (1991); United States v. Andrews, 633 F.2d 449, 453-55 (6th Cir. 1980), cert. denied, 450 U.S. 927 (1981). There is no double jeopardy problem here, because all of the charges were prosecuted in a single proceeding and grouped to determine a single sentence. See Ohio v. Johnson, 467 U.S. 493, 500-01 (1984); United States v. Hughes, 964 F.2d 536, 542 (6th Cir. 1992), cert. denied, 113 S. Ct. 1254 (1993).
 
 
 6
 Finally, the record reflects that the district court properly denied Lagorga's request for a four level downward departure due to his substantial assistance, as he was not entitled to such a departure absent a motion from the government. See USSG Sec. 5K1.1.
 
 
 7
 We have further examined the record in this case, including the transcripts of Lagorga's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we hereby deny Lagorga's motion for bail pending appeal, grant the motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.