**William D. ZACK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Criminal A. No. 90–80654.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 23, 1996.

Martin E. Crandall, Stringari, Fritz Kreiger, Ahearn & Crandall P.C., Detroit, MI, Robert E. Forrest, Raymond & Prokop, Southfield, MI, for William D. Zack.

Sheldon N. Light, United States Attorney's Office, Detroit, MI, for U.S.

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

GADOLA, District Judge.

Petitioner was sentenced in September 25, 1991, by this court to forty-six months imprisonment and a two-year term of supervised release for conspiracy to defraud the United States, income tax evasion, and the making and filing of false income tax returns. He was released from confinement on March 28, 1995, to the custody of the Community Corrections Manager in Detroit, and was placed on home confinement status on April 12, 1995. He was released to supervised release status on May 17, 1995, which terminates on May 16, 1997.

Prior to petitioner's sentencing, the United States Probation Department prepared a presentence report, dated June 28, 1991. The defendant filed objections to the report, including a challenge to paragraph 40 of the report, indicating that the total amount of tax evaded through the petitioner's offense was $594,555. The government answered, citing evidence to support the amount set forth in the report. At sentencing, this court overruled petitioner's objections, finding that the amount of evasion stated in the presentence report was adequately supported by the testimony and schedule of the government's expert witness.

On direct appeal, petitioner argued that the district court: (1) improperly refused to admit into evidence 21 checks totalling approximately $700,000; (2) improperly refused to give his requested jury instructions; (3) erred by failing to exclude all references to drugs during trial; and (4) erroneously sentenced him under the sentencing guidelines. The conviction was affirmed. *United States v. Zack,* 1993 WL 8744 (6th Cir.1993).

While his direct appeal was pending, petitioner moved to vacate his sentence under 28 U.S.C. § 2255, on the grounds that he was deprived of effective assistance of counsel. This court dismissed the motion, and the dismissal was affirmed on appeal by a per curiam order. *Zack v. United States,* 1993 WL 64156 (6th Cir.1993).

While his direct appeal was pending, petitioner also brought a motion for a new trial pursuant to Federal Rules of Criminal Procedure 33. Petitioner asserted three grounds for relief: (1) that he was convicted on the basis of false and perjured testimony; (2) that he received ineffective assistance of counsel; and (3) that the guilty verdict was against the weight of the evidence. This court denied the motion and was affirmed in a per curiam order. *United States v. Zack*, 995 F.2d 1068 (6th Cir.1993).

Petitioner also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). This court denied the motion and that decision was affirmed. *United States v. Zack*, 1993 WL 515494 (6th Cir. 1993).

While this motion for relief from judgment was pending, petitioner filed a second motion to vacate sentence under 28 U.S.C. § 2255, asserting essentially the same claims that were made and rejected in his motion for a new trial. This court denied the motion on October 25, 1993, and the Court of Appeals affirmed that decision in *Zack v. United States*, 1994 WL 284088 (6th Cir.1994).

On December 14, 1993, petitioner filed a motion to recuse the trial judge under 28 U.S.C. §§ 144 and 455. The motion was denied and this court's decision was affirmed on appeal. *United States v. Zack*, 1994 WL 198160 (6th Cir.1994).

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 22, 1995. On August 16, 1995, Judge Bernard Friedman directed the court clerk to reclassify the petition as a motion to vacate sentence under 28 U.S.C. § 2255 and to reassign the case to this court. The government timely filed its motion to dismiss the petitioner's motion on September 27, 1995, asserting three individual grounds for dismissal. For the reasons stated below, this court will deny the petitioner's motion.

### I. Abuse of the Writ

■ Review of the extensive record in this case clearly demonstrates that the petitioner has abused the writ. This is petitioner's third motion to vacate under § 2255, and his sole challenge concerns the accuracy of information contained in paragraph 40 of his presentencing report. Neither of his two prior petitions raised this issue.

To raise successive motions, petitioner must show cause why he did not present this claim in his previous petitions, and must show prejudice that would result if this court decides not to consider the claim. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Federal Rule of Criminal Procedure 9(b), entitled Rules Governing § 2255 Proceedings, provides:

> Successive motions: A second or successive motion may be dismissed ... if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Petitioner's first § 2255 petition claimed ineffective assistance of counsel. His second § 2255 petition claimed: (1) his conviction was based on false and perjured testimony; (2) he received ineffective assistance of counsel; and (3) the guilty verdict was against the weight of the evidence. The present petition relies on petitioner's own affidavit and attached exhibits which purportedly prove that no funds were diverted for the purpose of evading taxes. Petitioner has provided this court a jumble of haphazard business records, without any intelligible explanation of their meaning or relevance. He has failed to provide any lucid explanation to support his claim. Additionally, he has made no effort to overcome the procedural bar established in *McCleskey*.

Again, this is petitioner's third § 2255 petition. In the previous § 2255 petitions, he has failed to challenge the validity of the information contained in paragraph 40 of the presentence report. Because the present petition demonstrates neither cause nor prejudice this court is satisfied that dismissal of this petition for abuse of writ is warranted.

### II. Waiver of Collateral Relief

■ Even if this court finds that the petitioner has not abused the writ, dismissal is appropriate because the petitioner has not made a showing sufficient to raise a § 2255

petition. Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

■ Petitioner may not raise a claim based on an error in his presentence report under 28 U.S.C. § 2255, as this claim asserts no "transgressions of constitutional rights . . . or injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). A defendant may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991) (en banc), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).

■ Contrary to the petitioners suggestion, the application of the sentencing guidelines is not a constitutional or jurisdictional issue, and is, therefore, not cognizable under § 2255 without a claim, and a showing, of a fundamental miscarriage of justice. *Femia v. United States,* 47 F.3d 519, 525 (2d Cir. 1995). As the Sixth Circuit has recently stated: "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to denial of due process." *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996) (No. 95–1174). When a habeas petitioner relies upon a federal statute, and not the Constitution, as the basis for his post conviction attack, collateral relief from a defaulted claim of error is appropriate only "where there has been fundamental unfairness, or what amounts to a breakdown of the trial process." *Reed v. Farley,* —— U.S.

——, ——, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (plurality opinion); *Grant,* 72 F.3d at 506 (noting that because nonconstitutional errors ordinarily are not cognizable on collateral review, defendants must assert their claims in the ordinary course of trial and direct appeal). The petitioner has simply failed to raise a constitutional error or to demonstrate any fundamental unfairness which would justify collateral relief. The petitioner has waived any claim to collateral relief based upon paragraph 40 of the presentencing report. Accordingly, this court must dismiss the petition.

### III. Failure to Raise on Direct Appeal

■ Finally, the petitioner contends that the amount listed as total tax evaded in paragraph 40 of the presentence report, $594,555, is inaccurate and was used to improperly increase his base offense level under the sentencing guidelines. He is requesting the court to direct the United States Probation Office to change the report, and wishes to be resentenced accordingly. Because the petitioner has failed to state a claim of good cause and prejudice for not pursuing this issue on direct appeal, this court is without jurisdiction to hear his challenge.

■ Federal Rule of Criminal Procedure 32 governs the district court's jurisdiction to challenges to alleged inaccuracies in the presentence reports. Rule 32 permits a defendant to challenge inaccuracies in a presentence report during imposition of a sentence, but it does not provide a district court with jurisdiction to hear post conviction challenges to the presentence report. *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988). This finding should have been challenged, if at all, on direct appeal. *Id.* In failing to do so, the petitioner cannot now contest the accuracy of the presentence report absent a showing of both good cause and prejudice. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). The petitioner has failed to make such a showing.

Petitioner did contest paragraph 40, concerning the total tax evaded of $594,555 (Pre-

sentence Report at 9–10.) prior to and at sentencing. This court made an affirmative finding that the stated amount accurately reflected the total tax evaded by the conspiracy. (Sentencing Transcript at 38–39, 41.) Petitioner simply ignores the fact that this court has made a finding on the disputed portion of the presentence report. Accordingly, because the petitioner has failed to demonstrate cause and prejudice for not pursuing this issue on direct appeal, this court is without jurisdiction to hear the challenge. This motion is dismissed.

## ORDER

Therefore, it is hereby **ORDERED** that petitioners motion to the presentencing report is **DENIED.**

**IT IS FURTHER CERTIFIED** that the petitioner's arguments are without merit and that any *in forma pauperis* appeal from this order would **not** be taken in good faith for purposes of 28 U.S.C. § 1915(a).

**SO ORDERED.**