89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard DAVILA, Defendant-Appellant.
 No. 95-3859.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his Motion to Correct Presentence Investigation Report. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May of 1993, Davila pleaded guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Davila was sentenced to 57 months in prison, followed by four years of supervised release. Davila filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and the district court denied this motion on January 23, 1996. After he filed the § 2255 motion, Davila filed the Motion to Correct Presentence Report, now before this court for review.
 
 
 4
 In support of his latest motion, Davila alleged that his Presentence Investigation Report (PSI) erroneously reported that he possessed a firearm during a drug transaction. Davila claimed that, as a result of this allegedly false information in the PSI, he has been denied the opportunity to participate in the "community furloughs" offered to prisoners participating in a community forestry program at the Minimum Security Prison Camp in McKean, Pennsylvania, where Davila is now incarcerated. The district court concluded that there was no merit to Davila's motion, because the sentencing court had not enhanced Davila's sentence based on the information Davila alleged was false.
 
 
 5
 On appeal, Davila argues that his PSI report should be corrected, because neither he nor his court-appointed attorney had reviewed the PSI report prior to sentencing. Davila also argues that the court should have applied Fed.R.Crim.P. 32, as interpreted, for example, in the case of United States v. Bartholomew, 974 F.2d 39, 42-43 (5th Cir.1992), to correct the report. Lastly, Davila argues that the PSI should be corrected because it is affecting the conditions of his confinement. Davila has also filed a motion to proceed in forma pauperis on appeal.
 
 
 6
 This court concludes that the district court lacked jurisdiction to consider Davila's motion. This court has consistently held that Rule 32 does not create an independent action by which the district court has jurisdiction to review collateral challenges to a sentence. United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988).
 
 
 7
 Accordingly, Davila's motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation