89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael E. LAGORGA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3914.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1996.
 
 1
 Before: MARTIN and SILER, Circuit Judges; HEYBURN, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate, set aside or correct a sentence, filed pursuant to 28 U.S.C. § 2255, and also denying a motion to reconsider the denial of a motion to correct sentence, filed pursuant to Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1995, Michael Lagorga was convicted after a guilty plea of one count of transportation of stolen goods, in violation of 18 U.S.C. § 2314, and one count of wire fraud, in violation of 18 U.S.C. § 1343. United States District Judge Thomas Lambros sentenced Lagorga to a 12 month term of incarceration to be followed by a three year period of supervised release. A panel of this court affirmed the conviction and sentence on direct appeal. United States v. Lagorga, No. 95-3169, 1995 WL 469721 (6th Cir. Aug. 8, 1995).
 
 
 4
 In April 1995, Lagorga filed the first in a series of formal and informal challenges to the constitutionality and length of his sentence. Lagorga filed a § 2255 motion to vacate sentence (with a supplement) in which he set forth four allegations of ineffective assistance of trial counsel. Lagorga sought to vacate his original plea in its entirety through this motion. In May 1995, Lagorga also sent a letter seeking an increase in his sentence to United States District Judge David Katz, Judge Lambros having retired shortly after sentencing Lagorga. Lagorga asked Judge Katz to increase his sentence to 12 months and one day in order to accumulate good time.
 
 
 5
 The government and Lagorga exchanged a number of responsive pleadings, the chronology and relevance of which will be set forth below. It is most important to note that the judgment on appeal is the district court's final decision entered August 2, 1995, to deny not only the § 2255 motion to vacate but also the motion to reconsider an earlier denial of Lagorga's resentencing letter. The parties have briefed the issues; Lagorga is proceeding without benefit of counsel.
 
 
 6
 Lagorga was originally charged with fraudulently obtaining monies from persons by soliciting them to become distributors of an automobile tire sealant. Lagorga and his attorneys entered into plea negotiations and the matter proceeded to sentencing. Judge Lambros proceeded to sentence Lagorga to a term of incarceration (12 months) that was substantially below the possible exposure from both indictments. Counsel for Lagorga requested an additional day of incarceration for Lagorga so that his client might accrue good time pursuant to 18 U.S.C. § 3624(b) (good time credited only for sentences over a year) that he would not otherwise earn. Judge Lambros considered the possible applicability of § 3624(b) and unmistakably concluded that, even if § 3624(b) would be applicable to Lagorga, Judge Lambros was not interested in giving the defendant the benefit of this statute. Lagorga took a direct appeal from his conviction, but neither his counsel nor Lagorga assigned as a possible error the district court's refusal to award an additional day of incarceration.
 
 
 7
 Lagorga's relevant post-conviction filings are divided between a formal attack on his conviction under § 2255 and an informal request for the additional day of incarceration. The formal attack, a motion to vacate sentence under 28 U.S.C. § 2255, raised four claims of ineffective assistance of counsel and was finally denied by the judgment on appeal of August 2, 1995. Lagorga has confined his appellate filings to an extended discussion of the merits of the resentencing issues. He sets forth no argument concerning his ineffective assistance of counsel claims even though the disposition of those plainly meritless claims was a prominent feature of the judgment on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). These claims are therefore not before the court.
 
 
 8
 The informal post-conviction filings consist of a series of pleadings in which Lagorga seeks an additional day of incarceration to rectify a sentencing "mistake." The government contended that the only possible procedural vehicle for the informal request was Criminal Rule 35. Lagorga agreed with this assessment, but persisted in his claim that Judge Lambros clearly intended to give him the benefit of § 3624(b) but mistakenly failed to do so. Lagorga subsequently advanced a similar argument, in the district court and in this appeal, under the rubric of Criminal Rule 32.
 
 
 9
 Lagorga's resentencing claims, whether styled as Criminal Rule 32 or 35 matters, are wholly unauthorized in law and factually without merit. A claim for relief based on an alleged failure to resolve a disputed sentencing matter under Criminal Rule 32, cannot be maintained pursuant to Rule 32 simpliciter; it must be contained within a direct appeal from the underlying conviction or in a § 2255 motion to vacate. United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988) (reference to pre-amendment Criminal Rule 35 no longer valid). There is likewise no relief available to Lagorga under the provisions of Criminal Rule 35 as his request does not fit within the substance or the time frame (seven days after conviction) therein. Finally, it is patently obvious on the record that Judge Lambros gave careful consideration to the "year and a day" option and rejected it. This appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed for these reasons and for the reasons set forth in the decision of August 2, 1995. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation