[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14533; No. 15-14625
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80003-DMM-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


REGINALD EUGENE GRIMES, SR.,
a.k.a. Bro Man,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 25, 2017)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Reginald Grimes appeals his convictions and concurrent 168-month imprisonment sentences for conspiracy to distribute and possess with intent to distribute heroin and possession with intent to distribute heroin. First, he argues that the district court violated his Sixth Amendment rights by restricting his cross-examination of Gary Moore regarding Moore's prior conviction and plea agreement. Next, he argues that the district court erred by denying his motion to dismiss the charges against him based on the government's failure to correct perjured testimony before the grand jury and his motion for judgment of acquittal based on perjured testimony at trial. Finally, he argues that the district court erred by applying a firearm enhancement under U.S.S.G. § 2D1.1(b)(1) despite a lack of evidence that Grimes possessed a firearm in furtherance of the offense.

I.

We review limitations on the scope of cross-examination for a clear abuse of discretion, but address *de novo* whether a defendant's Sixth Amendment rights were violated. *United States v. Rushin*, 844 F.3d 933, 938 (11th Cir. 2016).

A defendant has a right to conduct a cross-examination that exposes the jury to facts sufficient for it to infer a witness's bias. *Id.* However, trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns about confusion of the issues or repetitive or marginally relevant interrogation. *Id.*

2

Even where a defendant's Sixth Amendment Confrontation Clause rights are violated, the error may be harmless. *United States v. Jones*, 601 F.3d 1247, 1264 (11th Cir. 2010) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)). To determine whether the denial of a defendant's opportunity to impeach a witness was harmless, the court analyzes five factors: (1) the importance of the witness's testimony to the prosecutor's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Van Arsdall*, 475 U.S. at 684.

The district court did not abuse its discretion by limiting his cross-examination of Gary Moore regarding his prior conviction and plea agreement because that testimony was repetitive and irrelevant. Grimes's Sixth Amendment rights were not harmed by this limitation because the jury had sufficient information to assess Moore's credibility. The jury already heard that Moore was previously convicted for a drug-distribution offense and that he pleaded guilty to that offense in exchange for a lesser sentence. *Rushin*, 844 F.3d at 938.

The district court also sustained the government's objection to Grimes's attempt to introduce Moore's plea agreement from his prior drug conviction and Grimes's statement that the plea agreement still bound Moore. The district court

3

did not abuse its discretion by finding that the statement was argumentative and that the plea agreement was irrelevant.  Neither limitation affected the jury's ability to assess Moore's credibility, because Moore repeatedly admitted that he was cooperating with the government in exchange for a lesser sentence.  Moreover, Grimes failed to present an argument that any error was not harmless given the significant impeachment evidence admitted.  *Van Arsdall*, 475 U.S. at 684.

## II.

The denial of a motion to dismiss the indictment is reviewed for an abuse of discretion, although the legal sufficiency of the allegations in an indictment is a question of law reviewed *de novo*.  *United States v. York*, 428 F.3d 1325, 1332 n. 8 (11th Cir. 2005).  A defendant alleging an error in the grand jury proceedings must show prejudice by showing that the violation substantially influenced the decision to indict.  *Id.* at 1332–33.

The denial of a motion for judgment of acquittal is reviewed *de novo*.  *United States v. Evans*, 473 F.3d 1115, 1118 (11th Cir. 2006).  The district court's denial of a motion for judgment of acquittal will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt.  *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000).  Where properly preserved, the district court's decision on sufficiency of the evidence is not entitled to deference.  *United States v. Taylor*, 972 F.2d 1247, 1250

4

(11th Cir. 1992). However, we must view the facts and draw all reasonable inferences in the light most favorable to the government. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001).

We previously indicated that the possibility that a witness provided false testimony before the grand jury does not automatically vitiate an indictment based on that testimony; to dismiss an indictment, the district court must also find an abuse of the grand jury process such as perjury or government misconduct. *United States v. Garate-Vergara*, 942 F.2d 1543, 1550 (11th Cir. 1991). Testimony that constitutes perjury must be (1) given under oath or affirmation; (2) false; (3) material; and (4) given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory. *United States v. Moran*, 778 F.3d 942, 981 (11th Cir. 2015) (citing *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Likewise, if the government not only fails to correct materially false testimony at trial, but also affirmatively capitalizes on it, the defendant's due process rights are violated. *United States v. Stein*, 846 F.3d 1135, 1147 (11th Cir. 2017). To overturn the conviction, the alleged perjury must affect the jury's verdict, meaning that it must be material to the conviction and corrupt the truth-seeking function of the trial process. *United States v. Bailey*, 123 F.3d 1381, 1396 (11th Cir. 1997).

The district correctly denied Grimes's motion to dismiss the indictment on

5

the grounds that it relied on perjured testimony and his motion for a judgment of acquittal on the same basis, because he presented no evidence of perjury.

### III.

For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

The Sentencing Guidelines provide that, if a dangerous weapon (including a firearm) was possessed during a drug possession or conspiracy offense, then a defendant's offense level should increase by two levels, unless it is clearly improbable that the weapon was connected to the offense. *Id.*; U.S.S.G. § 2D1.1(b)(1). To justify a firearms enhancement, the government must establish by a preponderance of the evidence either that the firearm was present at the site of the charged conduct or that the defendant possessed a firearm during conduct associated with the offense of conviction. *Stallings*, 463 F.3d at 1220; U.S.S.G. § 2D1.1, comment (n. 11(A)). If the government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." *Stallings*, 463 F.3d at 1220. In drug-related cases, a proximity between drugs and guns, without more, is sufficient to meet the government's initial burden and create the presumption of a connection between the weapon and

6

the offense. *United States v. Carillo-Ayala*, 713 F.3d 82, 91–92 (11th Cir. 2013). We previously held that the government met this burden by showing that a gun was recovered in the same room as scales, a bag containing cocaine residue, and a large amount of cash. *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).

The district court did not clearly err in applying a two-level sentence enhancement based on the use of a firearm in connection with the conspiracy, because the government presented unrefuted evidence that a firearm was present in close proximity to the drugs being trafficked. Moore's testimony at trial established that Hunter's apartment was one of the sites where the heroin in the conspiracy was packaged and distributed, including to Grimes. Suarez's testimony at sentencing established that Moore stored a firearm at the apartment, removed it, Grimes returned it to the apartment, and then gun was eventually found near the heroin when the apartment was searched. Moore's and Suarez's testimony combined established that the firearm was in close proximity to the drugs involved in the conspiracy.

**AFFIRMED.**

7