[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13362
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80003-DMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD EUGENE GRIMES, SR.,
a.k.a. Bro Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2020)

Before GRANT, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Reginald Grimes, a *pro se* federal prisoner, appeals the District Court's order denying his motion to correct his presentence investigation report ("PSI"). He argues that the District Court violated his due process rights at sentencing by failing to rule on all of his objections to his PSI, in violation of Rule 32 of the Federal Rules of Criminal Procedure. He also argues for the first time in this appeal that his appellate counsel provided him with ineffective assistance by failing to raise this issue in his direct appeal.

After a five-day trial, where Grimes also proceeded *pro se*,[1] a jury convicted Grimes of conspiring to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and of possessing heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. On October 8, 2015, the District Court sentenced Grimes to 168 months imprisonment, followed by five years of supervised release. Grimes timely appealed and, at his request, the Court appointed counsel to represent him on direct appeal.

In his counseled direct appeal, Grimes argued that (1) the District Court had improperly restricted his right of cross-examination at trial; (2) the District Court improperly refused to either  dismiss the indictment on the ground that it was based

---

[1] The District Court permitted Grimes to proceed *pro se* with the assistance of stand-by counsel.

2

on allegedly perjured grand jury testimony or grant his motion for judgment of acquittal based on perjured testimony at trial; and (3) the District Court had improperly applied a firearm enhancement at sentencing. *See United States v. Grimes*, 705 F. App'x 897, 898–99 (11th Cir. 2017). On December 27, 2017, we rejected each of Grimes's arguments and affirmed the judgment of the District Court. *Id.* at 899–901. Grimes then, on January 16, 2018, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Among other things, he argues there, as he does here, that the District Court deprived him of due process by not resolving disputed issues of fact at sentencing, and that his counsel on direct appeal rendered ineffective assistance. His § 2255 motion is still pending in the District Court.

While his counseled direct appeal was pending—in fact less than two weeks after he filed the notice of appeal—Grimes filed his *pro se* motion to correct the PSI. Almost four years later, on August 20, 2019, the District Court denied Grimes's motion to correct the PSI, stating simply that "[a]t the Sentencing held on October 8, 2015, the Court ruled on all objections to the presentence investigation report." Grimes timely appealed.

"We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure." *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). We must examine jurisdictional issues *sua sponte* and review any

3

jurisdictional issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Rule 32 instructs, in relevant part, that the district court at sentencing "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Fed. R. Crim. P. 32(i)(3)(B).  But Rule 32, standing alone, does not confer jurisdiction on the district court to consider a post-judgment motion to correct a PSI based on an alleged Rule 32 violation.  *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir. 1987).  Rather, the correct procedure is to raise the Rule 32 violation on direct appeal, which Grimes did not do.  *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987).[2]  The District Court here therefore lacked jurisdiction to consider Grimes's post-judgment motion raising a Rule 32 violation.

We have noted that a post-judgment motion alleging a Rule 32 violation can be construed as a § 2255 motion.  *Id*.  But Grimes has already filed a § 2255

---

[2] Other limited avenues in which a defendant may ask the district court to revisit a sentence after judgment include: a motion under Rule 35 to correct a sentence for an arithmetical, technical, or other clear error, if brought within the applicable timeframe, Fed. R. Crim. P. 35(a); a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence; and a 28 U.S.C. § 2241 habeas petition.  *See Peloso*, 824 F.2d at 915; *Fischer*, 821 F.2d at 558.  Relatedly, Rule 36 allows the district court to correct a clerical error or an error in the record arising from oversight or omission, but it does not permit substantive alterations to a sentence.  *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

motion in the District Court raising, among other things, the very Rule 32 violation that he alleges here. Because neither party has litigated this appeal as one from a denial of § 2255 relief, it seems to us inappropriate to treat it as such. *See Fischer*, 821 F.2d at 559 (declining to treat motion to correct PSI as motion under § 2255, even though government argued case on appeal as § 2255 proceeding, because defendant insisted he was not proceeding under § 2255 and presented no arguments relevant to a § 2255 proceeding). Rather, we leave Grimes to litigate his Rule 32 claim in the appropriate forum: before the District Court in his § 2255 petition. We express no opinion as to the proper resolution of that proceeding.

We therefore hold that the District Court lacked jurisdiction to consider Grimes's post-judgment motion under Rule 32 to correct the PSI and should have dismissed it. Instead of filing this post-judgment motion, Grimes should have raised the issue in his direct appeal.

Of course, Grimes argues in this appeal that he did not raise the Rule 32 violation on direct appeal only because his attorney "[d]eliberately [r]efus[e]d" to do so. Thus, Grimes argues that his appellate counsel rendered ineffective assistance in connection with his direct appeal. We decline to consider Grimes's ineffective-assistance-of-counsel argument, raised for the first time on appeal. We do not generally consider claims of ineffective assistance raised on appeal, "where the district court did not entertain the claim nor develop a factual record." *United*

*States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quoting *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003)). Grimes has also raised the ineffectiveness of his counsel in his § 2255 motion now pending before the District Court. Because a § 2255 motion is the appropriate mechanism by which to bring the claims Grimes has raised, he may litigate those claims in the District Court on that motion.

Accordingly, the judgment of the District Court dismissing Grimes's *pro se* motion to correct the PSI is

**AFFIRMED.**

6